Lewis, Ch. J.
Both may be right: one may speak of carpenters’ measurement, the other that of the customhouse.

Jones.

Not being seaworthy for want of a crew, is a *57 matter of fact for a jury-: and on that they have determined ; their verdict, therefore, not to be disturbed.

Jones.

Yes, she had. The want of crew was insisted on *at the trial, and the verdict shows the [*36'] jury’s opinion. Dow had gone to North Carolina on the very voyage insured in a vessel larger than this with only three hands, including himself; this was only a pettiauger. As to the policy’s being at and from, it is a mistake, the words are from New York; but granted they were otherwise, Coney Island is part of the port of New York.
Hoffman,
in reply, insisted on the words at and from; • hat under them the vessel should be fit for sea when she first weighs anchor in prosecution of her voyage; that was done at her leaving the pier in New York, and had she been lost going to Coney Island, it would have been within the policy. The jury’s decision on the sufficiency of a crew is not conclusive. Suppose they had determined one hand only to be enough, the court would have set aside the verdict. If the captain was in New York, the communication between him and the plaintiff must be inferred. For this, Stewart against Dunlop, in the House of Lords, Park, 209, is an authority.
Lewis, Ch. J.
Does it appear how the vessel was rigged? Had she a bowsprit ?

Per Curiam.

This is a claim for a total loss after having exhibited the usual proofs, and on these an adjustment was made. It is upon this that the action is brought, to which several grounds of defence are taken: first, that the adjustment was fraudulent; secondly, that the vessel .had not any bal-. last on board when she sailed from the place at which the policy attached, and, therefore, was not sufficiently equipped ; thirdly, that she had not a sufficient crew. We shall *58 lay wholly out of view the two first grounds. It appeasi that previous to the adjustment all the facts now relied on were communicated to the underwriters.(a) The protest states the time of sailing from Coney Island, in ballast, the gale of wind, &c. All these circumstances and their dates appear from the protest to have been fully made known, and, therefore, all charge of fraud is at an end, because the adjustment ivas made by the underwriters with their eyes open. An adjustment cannot be opened except on the ground either of fraud or mistake from facts not known. On the third point we think them is sufficient reason to order a new trial. It now appears that the vessel was a schooner of thirty-five or forty tons burden, with three sails, and departed on a voyage from hence to Edenton, in Hortb Carolina, with only two bands, the captain included. [*37] The vessel was, therefore, in our opinion, not *equip• ped for the voyage, and on this ground we think there ought to be a new trial. One hand and the captai i were not a sufficient crew.(b)
Hew trial ordered.

а) An adjustment, by the English authorities, is only prima facie evi deuce against the underwriter, impeachable for fraud, mistake in the law, o material fact. Christian v. Coombe, 2 Esp. Rep. 489 ; 2 Marsh. 542, et seq. Park, 117, et seq. Therefore, a legal exoneration, arising from facts known at the time of making the adjustment, may, at the trial, be availed oí) by the insurer, Herbert v. Champion, 1 Camp. 134, and a fact is not to be supposed as known by him, merely because he might have made himself acquainted with it, as of a notice stuck up in the coffee-house; it must be “blazoned” on him. Shepherd v. Chewter, 1 Camp. 274. It seems, from the above authorities, that an adjustment is a mere admission of the sum due, if there be no fraud; and, upon the facts known, a right to recover.

 S. P. Silva v. Low, Lex. Mer. Am. 310, 324, since reported 1 Johns. Cas. 184, with the facts at full length. See the eases in Lex. Mer. Am. ttbi snp. Want of sails, as well as insufficiency of a crew, will render a vessel unseaworthy. Wedderbwme v. Bell, 1 Camp. 1. To constitute her seaworthy, she must be equipped in such a manner as to render her secure against capture, as well as against the perils of the sea. As to unseawortliiness, from the want of documents, see Price v. Bell, 1 East, 663, and Elting and others v. Scott and Seaman, 2 Johns. Rep. 157, in which the court seem to 1 » against the implied warranty of seaworthiness extending to papers and doc •.< ments.