AMOS R. WILLETTS and JOHN A. TOAN, Respondents, *v.* THE SUN MUTUAL INSURANCE COMPANY, Appellant.

A promise void, when made, for want of mutuality of obligation, becomes valid and binding upon the performance by the promisee of that in consideration of which such promise was made.

Accordingly, where, by the terms of a policy of insurance, the loss was not covered, but the company promised the owner, that, if he would find the property damaged, have it inspected and sold at auction, they would pay the deficiency.—*Held,* that the performance of these conditions by the owner entitled him to recover the deficiency from the company.

A general exception to a refusal to charge what is improper, in part, is not good as to the correct part of the request. It is not the duty of the judge to separate the good from the bad.

(Argued February 17, and decided February 21st, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court, in the first judicial district, directing judgment upon a verdict of a jury rendered at the New York circuit, and overruling exceptions of the defendant heard and argued by stipulation in the first instance at the General Term.

This action was brought on a policy of insurance, dated December 22, 1863, on 223 barrels of cider, shipped on board the schooner Frances Satterlee, for Washington, from New York, containing the following clauses: "Property on deck; warranted free from claim for damage by wet, exposure, breakage or leakage." "This company is not liable for leakage on molasses or other liquids unless occasioned by stranding or collision with another vessel."

After the cider was loaded on the schooner, she sprung a leak, and after a delay of ten or fifteen days it was forwarded on another vessel, the Charles Dennis.

The plaintiffs being at Washington, and hearing of the reshipment, one of them about the 20th or 21st of January came to New York, called on the defendant, and inquired where the cider was. The defendant's agent said it was at Washington. Mr. Toan, one of the plaintiff's, said it was not,

and said he thought the vessel must be frozen up at the mouth of the Potomac; that as the vessel had sprung a leak, and his cider was probably lost, and that was one of the things insured against, he would abandon it.

The defendant's agent, on behalf of the company, told him to go and hunt up the cider, recover it and have it inspected and sold at auction, and do the best they could with it, and then come back to the company and they would pay them the deficiency. Upon this promise Mr. Toan returned to Washington. The cider was found to have been frozen, was inspected and sold at auction. The defendant refused to pay the deficiency, and this action was brought to recover it. On the trial, the jury gave a verdict for the plaintiff for the amount of the deficiency. The case was taken to the General Term on exception, when judgment was ordered on the verdict. Certain requests to charge made by the defendant and refused by the court are sufficiently stated in the opinion.

*Joseph H. Choate*, for the appellants. That one who, through mistake of law or fact, acknowledges himself under an obligation which the law does not impose, is not bound by such promise. (*Walker* v. *Gilbert*, 2 Robt., 221; 1 Parsons on Contracts, 363; *Cabot* v. *Hastings*, 3 Pick., 83.) As to the necessity of the company knowing exact facts, and having its attention called to them, 2 Arnould Ins., 1202–1206; § 416; *Dow* v. *Smith* (1 Cai. R., 32); *Fangier* v. *Hallett* (2 Johns. Ch., 233).

*Erastus Cooke*, for respondent. That there was sufficient consideration for the agreement sued on. (*Russel* v. *Cook*, 3 Hill, 504; *O'Keson* v. *Barclay*, 2 Penn, 531; *Langridge* v. *Dorville*, 5 Barn. & Ald., 117; *Seaman* v. *Seaman*, 12 Wend., 381; *Farmer's Bk.* v. *Blair*, 44 Barb., 641; *Wayne & Ont. Col. Inst.* v. *Smith*, 36 Barb., 576; 7 N. Y., 351, and cases cited.) That the defendant's request to charge the jury being improper in part, will not raise any question upon the parts which were proper. (*People* v. *Holmes*, 6

Park Cr. R., 26 : *Hart* v. *Rens. & Sa. R. R. Co.*, 8 N. Y., 37 ; *Caldwell* v. *Murphy*, 11 N. Y., 416 ; *Carpenter* v. *Stilwell*, 11 N. Y.. 61 ; *Killeen* v. *N. Y. C. R. R. Co.*, 24 How. Pr., 183.)

FOLGER. J.    It seems to be conceded on all sides that the plaintiffs could not maintain an action on the policy of insurance alone, and that their right to recover of the defendants rests upon the result of the subsequent negotiation between them and the defendants, taken as a new agreement, in addition to the contract contained in the policy.

By the verdict of the jury, it is found that those negotiations resulted in a promise by the defendants, that if the plaintiffs would go from New York city to Washington, find and take charge of the cider, and, after inspection, sell the same at auction to the best advantage, and, returning to New York city, would exhibit to the defendants the statement of the sales, the defendants would pay the deficiency to the plaintiffs.    And that the plaintiffs did, thereupon, go forward and perform all that was required in this promise ; but that the defendants declined to pay.

Such a promise, after performance by the promisee, is valid and binding, and is supported by a consideration therefor. Doubtless it lacks mutuality at its inception ; there is then no consideration, and the obligation of it is suspended.    But when performance of the condition is made there does then attach a consideration, which relates back to the making of the promise, and it becomes obligatory.    (*Train* v. *Gold*, 5 Pick., 380.)    The promise could not be enforced before performance of the condition on which it is made, for until then there is no consideration.    But as soon as the act has been performed, by which a party has been injured unless the promise is kept, the promise becomes binding.    (*Hilton* v. *Southwick*, 17 Maine, 303.)    Though there be not mutual promises, yet if, before he calls for the fulfillment of the promise, the promisee do perform that, in consideration of his doing which

the promise is made, there is a consideration for the agreement, and it can be enforced. (*L'Amoreux* v. *Gould*, 7 N. Y., 349.) If these authorities are sound, the promise of the defendants was binding upon them. We see no reason to question them.

It is not necessary, then, this being the consideration which was the most clearly presented by the case, and the one to which the attention of the jury was particularly called, to inquire if there were other considerations which would uphold the defendants' agreement.

Upon this agreement, the plaintiffs can uphold the judgment they have recovered, unless there was some error at the circuit which has so damnified the defendants as that they should have a new trial.

The learned judge who presided at the trial gave this question fairly to the jury, instructing them that, if they found that this was the agreement between these parties, and that the plaintiffs had performed it on their part, a verdict should be found for the plaintiffs, on the footing of a new agreement, in addition to the terms of the policy. There was no error here. It stated to the jury, in effect, the same legal proposition which we have recognized above.

It is claimed, however, that, if the promise of the defendants is held to be binding upon them, so far as the question of there being a consideration for it is concerned, yet that they are discharged from a performance of it, because they made it without a full knowledge and understanding of the facts that the goods were shipped on deck on the Satterlee, and again on the Dennis, and of the fact that the loss claimed was by freezing and leakage alone, which were risks excluded from the policy; and that their attention was not presented to these facts.

If this agreement is to be treated as being an adjustment, then the defendants may be relieved from the performance of it, on the ground of fraud or mistake, from facts not known. (*Dorr* v. *Smith*, 1 Caines, 32.) And so of any contract.

But are the defendants in a position to raise this question in this court? They excepted to that part of the charge of the learned judge in which he told the jury, "It comes simply to this question, whether there was an agreement between the parties upon all the material facts known and understood? If you shall find, on the whole, evidence that there was an agreement entered into, * * * with a full knowledge and understanding on their (the defendants') part, in all this matter, then the plaintiffs are entitled to recover." The defendants do not, nor can they, claim that this, of itself, was erroneous, but they say that, taken in connection with his refusal to charge as requested, it was incorrect. The request to charge, here alluded to, was, in substance, that the plaintiffs could not recover, unless the promise of the defendants was made with their attention presented upon these facts: that the plaintiffs' cargo was laden on deck; that the loss claimed was by the freezing and leaking of the cider so laden on deck; that the policy did not cover cargo laden on deck, and did not cover risk from freezing and leakage of cargo on deck; and with the understanding and meaning, notwithstanding, that they would and did assume a liability for such loss under such circumstances. The position is, that, by erroneously refusing to charge as requested, he omitted to draw the attention of the jury to the particular things which were the material facts, of which he had spoken to them. Without considering how much force there may be in this, it is disposed of by a well-established and salutary rule. This was a request embracing several propositions, distinct though related. If there was any one of them which the learned judge might correctly refuse, as a unit, to adopt, he was not in error in refusing to adopt the whole: for the reason that it contained that one. He was not to be compelled to separate them, picking out and charging the good, and rejecting and refusing to charge only the bad. (*Keller, Adm'x, v. N. Y. Central R. R. Co.*, 24 How. Pr. R. [in Ct. of App.], 172; *Carpenter v. Stilwell*, 11 N. Y., 61.) There was more than one proposition in this request which he could well refuse to charge.

The policy did cover cargo on deck for certain purposes, and as against some risks, although the company was exempt from claim for damage to property on deck by wet, exposure, breakage or leakage. It was not shown that the property, while on the Dennis, was laden on deck. Nor that the damage to it was by freezing or leakage, it at the time being on deck. Indeed, there was evidence, that when it left the deck of the Satterlee, to be transferred to the Dennis, it was in apparent good order. The learned judge was right then, in declining to charge in the terms as requested, and in charging as he did. And charging as he did, he presented to the jury for their determination, whether the defendants made their promise upon a knowledge and understanding of all the material facts, and the jury have found that they did. It was a material fact that the cider left the port of New York in winter weather, that before it had reached Washington, its port of destination, so cold had it become that the Potomac had frozen over; that cider is susceptible to frost; that the freezing of it expands it, and that when confined in barrels the expansion causes leakage. All this was known to the vice-president of the company, or made known to him by the plaintiffs as existing facts, or was within his capacity of deduction. Moreover, the witness Mills, acting for the plaintiffs, had informed him of these things before. So that the jury might well find on the facts, or by inference from the facts, that the promise was made with understanding and knowledge of all that was material. Nor, to meet another point made by the appellants, does it appear that any fact in the knowledge of the plaintiffs, which was not also in the knowledge of the company, was not communicated to it. The plaintiffs did not show to the vice-president of the defendant the letter received by them from Mills. But every fact stated in it defendant knew; that the property had been reshipped, and that the weather had been severe. The surmises of the writer were not facts, and could have been made as well by one person of sense as by another. And, moreover, the writer of the letter had testified, that he imparted these same sur-

mises to the vice-president of the defendants before the agreement. But it is claimed that though the points made by the appellants counsel may not be sustainable under the exceptions to the charge, and to the refusals to charge, that they arise also on the motion to dismiss the plaintiff's complaint, which was made when they rested their case.

We do not see that there are any grounds stated in that motion upon which the court would have been warranted in taking the case from the jury. The position there taken and now relied upon by counsel is that it must appear that the defendants knew and had their attention upon the facts that the cargo was laden on deck, and was damaged solely by freezing and leaking, and so understanding undertook to pay the loss. Now it was properly a matter for the jury, on the state of the evidence at that time, to give the answer to this proposition, and it was far from being that clear case for the defendant upon the testimony that they did not have their attention upon these facts, which called upon the court to pass upon it as a question of law rather than one of fact.

The judgment of the court below should be affirmed with costs to the respondent.

All the judges concurring.

Judgment affirmed.