REMINGTON & PERKINS *vs.* THE WESTCHESTER FIRE INSURANCE COMPANY.

An adjustment of loss under a policy of insurance must be made with full knowledge on the part of the insurer of all the facts material to the right of the insured to recover.

Such an adjustment can be impeached only for fraud or for mistake in a material fact.

After an adjustment had been made the insured brought *assumpsit* on an account stated to recover the adjusted amount. The defendant pleaded that the adjustment was made without any disclosure on the part of the insured of facts which were recited in the plea tending to show that the fire was caused by the wrongful acts of the insured. To this plea the plaintiff demurred.

*Held*, that the demurrer should be sustained, as the statements of the plea might be true and the plaintiff still entitled to recover under the policy.

ASSUMPSIT.   On demurrer to the plea.

*James G. Markland & Charles H. Parkhurst*, for plaintiffs, in support of the demurrer.

*Charles Hart & George H. Browne*, for defendant, *contra.*

I. An adjustment of a loss made in writing is only binding upon parties when made with full knowledge of all the circumstances, and intended by the parties to be absolute and final. 2 Phillips on Insurance, § 1815, and cases cited.

The defendants set forth in their plea that there were certain facts, unknown to them at the time of making the adjustment, which tended to show that the alleged loss arose from the wrongful acts of the plaintiffs. The issue on the plea if traversed would be, not whether the facts set forth in the plea would conclusively establish that the loss arose from the wrongful acts of the plaintiffs, but whether such facts existed unknown to the defendants at the time of making the adjustment, and which might reasonably have operated on the mind of the defendants to have prevented the making of an unqualified adjustment, thereby concluding their liability under the policy.

II. The objections to the form of the plea raised by the demurrer are immaterial; for whether sound or not, under our stat-

ute of amendments, Pub. Stat. R. I. cap. 210, § 4, the demurrer must be overruled. *Marchant, Trustee,* v. *The Valley Falls Baptist Church,* 6 R. I. 24.

*July* 14, 1883. CARPENTER, J. This is *assumpsit* on an account stated. The defendant files the following plea, to which the plaintiff demurs :

"And for a further plea in that behalf, by leave of court, &c., said defendant corporation comes and defends, &c., when, &c., and says that said plaintiffs' cause of action as set forth in the first count of their declaration in said action, if any they have therein, was founded on, arose from, and depended on a certain contract of insurance set forth in, and evidenced by, a certain policy of insurance numbered 1868, and issued by said defendant corporation to plaintiffs, and in the possession of said plaintiffs, dated the fifth day of September, A. D. 1872, and an alleged loss of, or damage by fire and water to, the property named in and covered by said contract and policy, occurring on the 28th day of June, A. D. 1873, and at no other time, and from no other cause ; and that said pretended stated account, if any there was, arose from and was founded on, and made and had with reference to said contract, policy, and alleged loss ; and on, and with reference to, no other matter or cause ; and that said pretended 'stated account' was had and obtained by plaintiffs, with and from defendant corporation, without said plaintiffs disclosing to, but fraudulently concealing from, said defendant, and without defendant knowing, at the time of making said pretended stated account, all the facts in relation to said alleged fire and loss, material and necessary to the statement of a true and just account between said parties, and which facts tend strongly to show that said alleged loss, out of which said pretended stated account arose, and to which it alone related, arose from, and was caused by, the wrongful acts of one of the plaintiffs, to wit, that the fire, which was the primal cause of said alleged loss, was found to have been kindled or commenced in three separate and distinct places, two of which places were in different rooms of the same story, and the other place in another story, all three in same building and store where said fire and loss occurred ; that one of said plaintiffs was in said store until a very few minutes before the said fire was discovered, and was the last

person to leave said store just before said fire was discovered; that the time when the said plaintiff so left said store was after the usual time at which this and similar places of business are closed; that said plaintiff had returned to and entered said store, and been at some of the places where the said fires were found, at a late hour and after said store had been closed by the regular employees; and said plaintiff left said store only a few minutes before said fire was discovered; and other like acts; and this said defendant is ready to verify. Wherefore said defendant prays judgment if the plaintiffs their said action as set forth in their said first count ought to have and maintain, and for its costs."

The defendant contends that an adjustment is binding only when made with full knowledge of all the circumstances, and that matters like those described in the plea would justly create suspicion in the minds of the officers of the defendant corporation and prevent them from making an adjustment, and are therefore such material circumstances as, being known to the plaintiffs and not communicated to the defendant, would avoid the adjustment. We think, however, that the rule is that the adjustment, in order to be binding, must be made with full knowledge of all the facts material to the right of the insured to recover, and that the adjustment can be impeached only for fraud or for mistake of such material fact. Phillips on Insurance, 1st ed. cap. 20; Marshall on Insurance, 1st Amer. ed. bk. 1, cap. 15, sec. 3; *Dow* v. *Smith*, 1 Caines Rep. 32; *Christian* v. *Coombe*, 2 Espinasse, 489; *Herbert* v. *Champion*, 1 Camp. 134; *Shepherd* v. *Chewter*, 1 Camp. 274. The question then arises whether the plea alleges fraud or the want of knowledge of any material fact; and since it could not be fraud to omit the statement of an immaterial fact, the question reduces itself to the inquiry whether the facts alleged in the plea are material to the right of the plaintiffs to recover. We think they are not. Whether knowledge of these facts would have caused the defendant to refuse to adjust the loss we need not inquire, since it seems to us that the existence of the facts themselves is consistent with a clear right of the plaintiffs to recover on the policy. The plea may be true, and yet it may be true that the fire was kindled by an incendiary, or may have happened by accident without the fraud or default of the plaintiffs or of any

person for whose action they are liable.   The demurrer will there-
fore be sustained.                                *Demurrer sustained.*