Upon a subsequent motion for reargument the following opinion was handed down:
The first review in this court was of a judgment of the General Term affirming judgment entered upon dismissal of the complaint directed by the court upon the trial. And upon that trial the evidence offered by the plaintiff to prove damages resulting from the alleged breach of the contract was excluded. The court on such review having determined that the contract required that the foundations be so far completed as to enable the contractors to prosecute the work to the utmost advantage and economy before the notice should be given by the defendant's engineer, held that the giving such notice before that time was a breach of the contract; and as the plaintiff and his associate, without waiver of any rights in *Page 347 
that respect, had proceeded with the work, the plaintiff was entitled to recover such damages as the contractors had sustained by reason of the breach, and reversed the court below. (102 N.Y. 205. ) The question as to what were or might be legitimately treated as damages resulting from the breach of the contract was not then necessarily before the court or determined. And because the matter of recovery of damages upon the clause giving the contractors an opportunity to realize a profit for diligence in the work was not expressly considered as an original proposition in the opinion on the last review, this motion is made. That question arose upon the provision of the contract which gave to the contractors the right to $500 per day for the time they should complete the work in advance of the time stipulated for its performance. The contention that the plaintiff was not entitled to recover anything by way of damages pursuant to that provision of the contract had the support of an able and thorough argument by the appellant's counsel, by which it was argued:
First. That the right to that allowance rested upon a mere condition dependent upon performance within the stipulated time, which could be set in motion only by the notice of the engineer, and must terminate with the expiration of such time from that when the notice was given; and that such promise of the defendant, when made, was merely an offer without the support of any consideration.
Second. That the per diem allowance so provided for, dependent upon such event, did not constitute prospective profits; and founded upon the breach of the contract did not come within the meaning of gains prevented. We think the agreement to pay this per diem amount may be treated as made with a view to increased compensation, in the event there mentioned, for the work which the contractors undertook to perform for the defendant, as represented by the provision that "in consideration of the faithful performance of all the covenants and agreements herein contained by the parties of the first part to this agreement, the said party of the second part hereby agrees to pay to the said parties of the first *Page 348 
part the above-named sum of three hundred and thirty-one thousand five hundred dollars, and, in addition thereto, the sum of five hundred dollars for each and every day that the elevator shall be completed, as aforesaid, in advance of the expiration of five months from the time of the commencement, as hereinbefore fixed and agreed upon." And when this court, as it did on the first review, held that the service of the notice that the foundation was, when in fact it was not, ready, etc., was a breach of the contract available to the plaintiff for the recovery of the damages sustained by the contractors in consequence of the delay in the work occasioned by it, the way was open to permit the plaintiff to establish, if he could, that they were by the delay thus occasioned deprived of the gains and profits which they otherwise would have realized from the performance of the work in advance of the five months. Although the contractors did not agree to earn any of the additional sum by completion of the work in advance of the stipulated time, or to make any effort to do so, it cannot be said that the agreement of the defendant to pay such amount, at the rate before mentioned, as the contractors should by their diligence become entitled to, was without consideration. It may have induced the contractors to enter into the agreement upon the terms in other respects represented by it, and it may be assumed that such was its effect upon their action in doing so. And, therefore, if they, without their fault, were by the defendant denied the right to perform the contract, they were entitled to recover the value of it, or, in other words, the benefit to them, which would result from its observance and performance. These views lead to the conclusion that the provision referred to, of the contract, was something more than a mere condition, and was a stipulation in it of such value to the contractors at the time it was made as their diligence would enable them to realize from it. In view of its relation to the contract, of which it forms an inseparable part, it differs from the case where there is no a mutuality when consideration is wholly dependent upon performance by the promisee. (Willetts v.Sun Mut. Ins. Co., 45 N.Y. 45; Miller v. *Page 349 McKenzie, 95 id. 575; White v. Baxter, 71 id. 254.) Here the contractors undertook by the contract to perform the work, and the price may be deemed to have been regulated somewhat by the diligence with which it should be done. And, with that view, the contract also contained a counter-provision to the effect that the amount which the contractors should recover for the work should be reduced at the same rate for delay in its completion beyond the stipulated time of performance. It follows that the damages resulting from delay, arising from breach of the contract by the defendant, embraced the profits which, otherwise, the contractors would have obtained if they had been uninterruptedly permitted to perform it. And this, in view of the finding of the jury, seems to dispose of the question whether the work would have been performed in advance of, and how many days prior to the expiration of, the stipulated time of performance, if there had been no breach on the part of the defendant, and of the question of damages estimated by them upon such findings. The notice was given by the engineer on June twenty-second, and the time provided by the contract for the commencement of the work was within five days after notice should be given by him. The evidence tended to prove that some work was performed by the contractors intermediate that date and the time when the foundation was completed, which was August twenty-fourth. The defendant's counsel requested the court to charge the jury that, in computing the time within which the work would have been completed, they should take into consideration the work done between June twenty-seventh and August twenty-fourth. The court charged that they should take into consideration the evidence on that subject. And thereupon the defendant's counsel requested the court to charge that they should allow for the work done and material prepared by the plaintiff during that time. The court declined to so charge, and exception was taken. This exception might seem to present a question of some difficulty if not obviated by the manner which this branch of the case was submitted to the jury, which was, that they were to *Page 350 
determine the question whether the foundations were in such condition as to enable the contractors advantageously and economically to prosecute the work at the time the notice was given, and if they found that the foundations were not in the condition required by the contract, then they were to inquire whether, if they had been in such condition, the contractors could and would have completed the work in less than five months. And if they could and would have completed it in less than that time, how many days less than five months. This covered the whole ground involved in the inquiry essential to the question of damages, and the measure of them founded upon the alleged breach, so far as they were dependent upon the time within which the work otherwise would have been performed by the contractors. The estimate of the time which would have been occupied by them in doing it was, necessarily, somewhat speculative and uncertain, but it is difficult to see any other or better way of submitting the question to the jury. It is evident that the proposition which the court refused to submit to the jury would have afforded them no aid in their way to a conclusion. They were directed to take into consideration all this evidence upon the subject of work performed in the interim referred to.
It is deemed unnecessary to further extend the expression of the considerations which led to the result given to the appeal when it was determined.
The motion for reargument should be denied.
All concur.
Motion denied.