ANNA G. MELVILLE, Respondent, *v.* CAROLINE KRUSE, Appellant.

PARTNERSHIP — SURRENDER OF THE RIGHT OF WITHDRAWAL A GOOD CONSIDERATION FOR AGREEMENT MODIFYING ARTICLES OF COPARTNERSHIP. The surrender, by a partner, of the right to withdraw from the firm upon twenty days' notice, as provided in the articles of copartnership, is a good consideration for a subsequent written agreement modifying them by providing that he should have one-half of the net assets of the firm upon its dissolution, in addition to one-half of the profits during its continuance, as provided in the original articles, especially in a case where the latter remained in the firm until the time fixed for its expiration.

*Melville* v. *Kruse,* 69 App. Div. 211, affirmed.

(Argued March 20, 1903; decided April 7, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 25, 1902, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Walker Otis* for appellant. The agreement of June 16, 1899, was void for want of consideration. (*Vanderbilt* v. *Schreyer,* 91 N. Y. 392; *Carpenter* v. *Taylor,* 164 N. Y. 171; *McCreery* v. *Day,* 119 N. Y. 1; *Butler* v. *Prentiss,* 158 N. Y. 49; *Tate* v. *Williamson,* L. R. [2 Ch. App.] 55;

*Emery* v. *Wilson,* 79 N. Y. 78 ; *McKenzie* v. *Harrison,* 120 N. Y. 260.)

*George Morehead* for respondent. The waiver by the plaintiff of her legal right to terminate the partnership on twenty days' notice was a sufficient consideration for the agreement of June 16, 1899. (Pars. on Cont. 444 ; *Hamer* v. *Sidway,* 124 N. Y. 538, 545 ; *Emery* v. *Wilson,* 79 N. Y. 78.) The voluntary performance by the plaintiff of her part of the agreement of June 16, 1899, namely, her continuance in the partnership, constituted a sufficient consideration. (*L'Amoreaux* v. *Gould,* 7 N. Y. 349 ; *Sands* v. *Crooks,* 46 N. Y. 564 ; *Marie* v. *Garrison,* 83 N. Y. 14, 26 ; *White* v. *Baxter,* 71 N. Y. 254 ; *Miller* v. *McKenzie,* 95 N. Y. 575 ; *Roosevelt* v. *Nusbaum,* 75 App. Div. 117 ; 1 Pars. on Cont. [8th ed.] 466 ; *Willetts* v. *S. M. Ins. Co.,* 45 N. Y. 45 ; *Wyckoff* v. *De Graaf,* 98 N. Y. 134.) Defendant's right to rescind the agreement is barred (1) by her own *laches*; (2) because the parties cannot be restored to their original condition. (*Cobb* v. *Hatfield,* 46 N. Y. 533 ; *Hammond* v. *Pennock,* 61 N. Y. 145.) Defendant waived the want of consideration. (*McKenzie* v. *Harrison,* 120 N. Y. 260 ; *Romaine* v. *B. L. Co.,* 13 Misc. Rep. 122.)

WERNER, J. This action was brought for the dissolution of a copartnership and for an accounting. The copartnership was formed February 6th, 1899, under written articles of agreement which provided, among other things, that the compact should continue until May 1st, 1900, unless sooner dissolved under another provision giving either party the right to terminate the arrangement, upon giving to the other party twenty days' notice in writing of the election to terminate. Article XI of the contract provided for an accounting at the termination of the copartnership ; for the payment of debts ; for the payment to each partner of an amount equal to the capital contributed by her ; and then for an equal division of the balance. The defendant contributed all the

money capital, amounting to about $1,100.00. On the 16th day of June, 1899, the parties entered into a written modification of the original article XI of the copartnership agreement. The substance of this modification was that, upon the dissolution of the firm, there should be an equal division of the net assets regardless of the amount contributed by either partner to the capital stock. That is the basis upon which plaintiff's claim to an accounting has thus far been allowed. The defense to this claim is predicated upon the alleged invalidity of the agreement of June 16th, 1899, by which the original contract was modified. Two grounds of invalidity are assigned : 1st. That the agreement of modification was obtained from the defendant by the plaintiff under stress of fear and apprehension superinduced by threats and duress. 2nd. That it is void for want of consideration.

The first ground of defense above referred to presented a question of fact upon which the decision at Special Term in favor of the plaintiff, affirmed at the Appellate Division, is conclusive upon this court. The allegation of a lack of consideration for the agreement of June 16th, 1899, raises a question of law which we will briefly consider. It is conceded that just prior to the execution of the last-named agreement the plaintiff had threatened to withdraw from the firm. She had expressed her dissatisfaction with the then existing conditions, and insisted that she would not stay unless she could be assured of one-half of the net assets upon dissolution of the firm in addition to one-half of the profits during its continuance. The defendant agreed to this proposed change in the final division of assets, and thereupon the modified agreement of June 16th, 1899, was entered into. No consideration is recited therein, and there was no consideration for it, unless the plaintiff by implication promised to do something that she was not already bound to do by the terms of the original contract. Under the original contract the plaintiff had the right to withdraw from the firm after having given twenty days' notice in writing. She was threatening to exercise that right unless she could be assured of better terms and a longer period than

were provided for in the original contract. The defendant yielded and the contract was modified as stated. The modified agreement did not in express terms abrogate the provision for withdrawal from the firm upon twenty days' notice, but that was the legal effect of the change, so far, at least, as the plaintiff was concerned. After having accepted the concession demanded by her, she would have been estopped from claiming the right to withdraw from the firm upon the same conditions as before. The surrender of this right was a good consideration for the new agreement and it is, therefore, valid. (*Hamer* v. *Sidway*, 124 N. Y. 538.) The case at bar is quite analogous to the case of *Emery* v. *Wilson* (79 N. Y. 78), where it was held that a promise by one partner to pay another an increased share of the profits of the firm during a specified period, authorized an inference that the promisee remained in the firm in consequence of the promise, and that this was a sufficient consideration for the promise. It is to be observed, moreover, that the defendant has had the benefit of the consideration for which she bargained, and it is now too late to say that the new contract did not bind the plaintiff to remain in the firm. · Plaintiff did remain in the firm, and even if the contract had been void in the beginning for want of mutuality, it became valid and binding upon the performance by the plaintiff of the condition upon which the defendant's promise was made. (*Willetts* v. *Sun Mut. Ins. Co.*, 45 N. Y. 45.)

The judgment herein must be affirmed, without costs to either party in this court.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and CULLEN, JJ., concur ; BARTLETT, J., not voting.

Judgment affirmed.