ELECTRICAL EQUIPMENT & INSPECTION CO., Respondent, v. ARCHIBALD, Appellant. (Supreme Court, Appellate Term. February 28, 1905.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by the Electrical Equipment & Inspection Company against Frank O. Archibald. From a judgment for plaintiff, defendant appeals. Affirmed. Philip Carpenter, for appellant. Goldsmith & Rosenthal, for respondent.
McCALL, J. The judgment should be affirmed. There was a clear contract entered into as between these parties, as proved by the writing signed by the defendant and in possession of plaintiff, and by him offered at the trial; and

I do not see how it can be claimed that there was not a meeting of minds, when the instrument itself proclaims what the defendant desires, and the proof is abundant to show that plaintiff performed in every particular as to that which defendant requested. In fact, there is little or no dispute on that score on the part of defendant; but, while practically admitting this all to be true, he seeks to relieve himself of his obligations, not through any claim of nonperformance of the written contract, or that in so far as the express terms of the written contract are concerned they are not agreed, but because he asserts he made this contract or signed this writing upon the assurance by plaintiff's agent that, as a result of this inspection to be made, his monthly bills would show a deduction of $25. Defendant was allowed to offer proof as to this, although such condition was not expressed in the instrument; and I think the learned court was right in accepting it, and certainly no harm came to the defendant through its admission. But here was a company in no wise connected with the one supplying the light, whose only promise was to inspect the plant installed, and, discerning defects, to report same in a certificate they were to furnish. Their denial of this alleged orally made condition asserted by the defendant, and their proof that what was said was that whether any saying would be made would depend upon their finding defects in the plant, was the probable truth; and the learned justice below saw it that way, and, as against the unlikely assertion of defendant, rightfully determined the issues. As to the pleading setting forth conditions precedent, it is too plain that what that had reference to was that the inspection called for in the contract should be made, and certificates therein provided for should issue, before payment could be demanded; and, although not plainly set forth, it thus clearly alleges that it made the inspection, and issued its certificate, and the proof abundantly sustains them. If any dubiety exists in such cases as is now before us, so as to cause courts annoyance and difficulty in determining what parties really contracted for, and where all the trouble is occasioned by an attempt to really alter and change the form of an expressed contract by proof of oral conditions which could just as easily have been expressed in the contract, if they were ever agreed to or talked about, it strikes me that after a fair trial of the issues, in which both sides have had a fair and full opportunity to amply present their different sides, reviewing courts should be slow to set the judgment aside on technical reading of pleadings. Judgment affirmed, with costs.

GIEGERICH, J. (concurring). I concur in the result reached by Mr. Justice McCALL. The allegation that the parties made a contract in the form set forth in the complaint was a sufficient averment that the plaintiff accepted the written proposal and request signed by the defendant. As to pleading performance, the Code of Civil Procedure (section 533) authorizes the method employed in the complaint. The writing shows that the only conditions precedent to the plaintiff's right of recovery are the inspection therein provided for and the presentation of a certificate of such inspection. The check-

ing of bills for a year from the date of the contract is a duty which under its terms need not necessarily be performed until after the contract price has become due, and has been paid, for that matter. Even if I am in error as to the view, above expressed, that the complaint sufficiently alleges the acceptance of the defendant's written proposition, the want of mutuality, if any, was remedied by performance on the part of the promisee. Willets v. Sun Mutual Ins. Co., 45 N. Y. 45, 47, 6 Am. Rep. 31. As was said by the court in the case cited: "Such a promise, after performance by the promisee, is valid and binding, and is supported by a consideration therefor. Doubtless it lacks mutuality at its inception. There is, then, no consideration, and the obligation of it is suspended. But, when performance of the condition is made, there does then attach a consideration, which relates back to the making of the promise, and it becomes obligatory." In the present case, therefore, there being an allegation of performance of the conditions of the promise, the pleading is good, even though there is no sufficient averment of an original acceptance.

SCOTT, J., dissents.