(81 Misc. Rep. 180.)

### LYNCH v. MURPHY.

(Supreme Court, Appellate Term, First Department. June 18, 1913.)

CONTRACTS (§ 10*)—MUTUALITY—OPTION.

Plaintiff alleged that defendant, to induce her to purchase certain corporate stock, agreed that if the corporation within a reasonable time was not a success, or if plaintiff did not realize on her interest in such corporation, he would purchase such shares from her, and would pay her the amount she paid, with interest; that plaintiff purchased the stock; that more than a reasonable length of time had passed since the purchase; that plaintiff had not realized on her interest; that the corporation was not a success, and was doing no business. *Held* that, while defendant's promise was a conditional one, leaving to plaintiff the option whether to act on it or not, yet on plaintiff's purchasing the stock the contract became a mutual one, and plaintiff, on being unable to realize thereon and demanding payment from defendant, was entitled to recover.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Margaret A. Lynch against Anna Murphy. From an interlocutory judgment for defendant, plaintiff appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1913, before LEHMAN, BIJUR, and WHIT-
AKER, JJ.

Johnston & Johnston, of New York City (Benjamin E. Messler, of
New York City, of counsel), for appellant.

Richard J. Morrison, of New York City, for respondent.

WHITAKER, J. Appeal by plaintiff from an interlocutory judg-
ment of the City Court of the City of New York, entered on Febru-
ary 17, 1913, overruling the demurrer of the plaintiff to the third and
fourth separate defenses contained in the second amended answer of
defendant, on the ground that said defenses are as to each of the
causes of action set forth in the complaint insufficient in law upon the
face thereof. The demurrers were overruled by the court below, not
for the reason that the defenses demurred to were sufficient, but for
the reason that in the opinion of the court the complaint itself does
not state facts sufficient to constitute a cause of action.

The complaint states three separate causes of action. The first is
as follows:

"First. That heretofore and immediately prior to the 30th day of October,
1905, an agreement was entered into between this plaintiff and the above-
named defendant wherein and whereby the above-named defendant prom-
ised and agreed to and with this plaintiff that, if this plaintiff would pur-
chase any shares of the capital stock of the Columbia Carbide Company of
South Dakota, a foreign corporation duly organized and existing under the
laws of the state of South Dakota, and the corporation was not within a
reasonable length of time thereafter a success, or the plaintiff did not realize
upon her interest in the corporation, that the said defendant would purchase
from the plaintiff the said shares of stock so purchased by her, and would
pay to the plaintiff the amount that the said plaintiff should pay therefor,
and interest.

"Second. That this plaintiff fully kept and performed all the terms of said
agreement on her part to be performed, and on said 30th day of October,
1905, purchased and took ten shares of the said capital stock of the Columbia
Carbide Company of South Dakota, paying therefor the sum of one hundred
($100) dollars.

"Third. That more than a reasonable length of time has passed since the
plaintiff purchased said ten shares of said stock, and the plaintiff has not
realized upon her interest in said corporation, and the corporation is not a
success, but is in a dormant condition, doing no business, and the plaintiff
has been unable to realize upon her interest in the corporation, upon her
shares of stock, and on or about the 30th day of September, 1911, the said
plaintiff tendered to the said defendant the said ten shares of stock and de-
manded from the said defendant that she purchase the same from her and
pay her the said sum of one hundred ($100) dollars, the amount that the
said plaintiff had paid therefor, and interest, but the said defendant has
neglected and refused so to do. By reason whereof there is now due and
owing by the defendant to the plaintiff the said sum of one hundred ($100)
dollars, with interest thereon from October 30, 1905."

The other two causes of action are identical, except as to dates and
number of shares purchased, and it is only necessary, therefore, to
pass upon the status of the first cause of action. The learned Chief
Justice of the court below, in the opinion, says:

"There is here a mere naked promise or bare agreement. It is not shown
whether the agreement was oral or in writing, and, if in writing, whether
under seal or not. It is not alleged that the stock which the plaintiff pur-

chased belonged to the defendant, or that even a promise, on the part of the plaintiff in return for the promise of the defendant, was made. There is no consideration alleged for the agreement or promise, and a promise for which there is no consideration cannot be enforced at law. 'Consideration is a material and indispensable element of every contract. "In declaring upon a contract not under seal, it is in all cases necessary to state that it was a contract that imports and implies consideration, as a bill of exchange or promissory note, or expressly to state the particular consideration upon which it is founded." * * * "Where a consideration is not implied, or a request is essential to the defendant's liability, it is of the gist of the action, and must be specially averred." ' Nat. Citizens' Bank v. Toplitz, 178 N. Y. 464, 467, 71 N. E. 1, 2."

The case cited by the court below would be clearly applicable if the only allegation in the complaint was of a naked promise made by defendant and without any subsequent action based upon it upon the part of the plaintiff. This is not true, however, of the case at bar.

The complaint shows that the promise or agreement was a conditional one, leaving it to the option of the plaintiff to do or not to do a certain thing; that the plaintiff did act upon the promise, purchased the stock, failed to realize upon it from the corporation, offered it to defendant, and demanded the repayment of the money plaintiff had paid for it. These allegations, in my opinion, bring the case clearly within the principles that a promise, although void when made for want of mutuality of obligation, becomes valid and binding upon the performance by the promisee of that in consideration of which the promise was made. While there was want of consideration in the inception of the agreement, and the consideration was suspended, when the plaintiff performed, there was a consideration which related back to the original agreement. Willetts v. Sun Mutual Ins. Co., 45 N. Y. 45, 6 Am. Rep. 31; Marie v. Garrison, 83 N. Y. 14; Reynolds v. Guilbert, 13 Hun, 301.

I think the third defense of laches is insufficient, and the fourth separate defense of want of consideration is superfluous, being covered by what is apparently intended to be a general denial in the answer.

The interlocutory judgment should therefore be reversed, with costs, and the demurrer sustained, with costs.

BIJUR, J., concurs.

LEHMAN, J. (dissenting). I am inclined to disagree with Mr. Justice WHITAKER'S decision. The first paragraph of the complaint alleges an agreement made on the 30th day of October, 1905. The alleged agreement is entirely one-sided, viz., that the defendant promised to do certain things "if this plaintiff would purchase any shares of the capital stock of the Columbia Carbide Company." The second paragraph then alleges that the plaintiff fully kept all the terms of said agreement on her part to be performed, and on the said 30th day of October, 1905, purchased and took ten shares of the Columbia Carbide Company, etc. Concededly, there is no consideration for the defendant's promise, unless the plaintiff furnished such consideration thereafter by the purchase of the shares of stock. I have no doubt that, if she purchased the shares of stock in reliance upon the defendant's

promise, she has given good consideration. She has then done an act in return for a promise, and such act furnishes sufficient consideration for the promise. It must be remembered that consideration must always be reciprocal; i. e., to sustain a promise, something must be given up in return. If the plaintiff bought this stock without any request from the defendant, and entirely upon her own initiative, and without reliance on the defendant's promise, then, though the condition upon which defendant's promise was made has been fulfilled, the fulfillment of the condition furnishes no consideration, for it was not done as a quid pro quo for defendant's promise. In other words, a conditional promise made without consideration does not become binding because the condition is complied with, unless the condition is complied with as a result of the promise, and the complaint alleges no such facts.

For these reasons, I think that the interlocutory judgment should be affirmed.

