ISAAC H. WEISS, Plaintiff, v. HERMAN JOSIAS, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Sixth District, November, 1916.)

Promise — performance of mutual — stockbrokers — when plaintiff entitled to recover.

Defendant, on his request, having received a tip from plaintiff on a certain stock, promised to act on it and to carry for plaintiff 100 shares of the stock at a point loss and did purchase 300 shares and held them until further advised by plain-

tiff and on selling made a profit of $296 on 100 shares. Held, that upon the performance of the mutual promises of the parties a mutuality of obligation arose which constituted a sufficient consideration to uphold defendant's original promise and plaintiff was entitled to recover the $296.

ACTION to recover a sum of money, pursuant to a verbal agreement.

Herman B. Goodstein, for plaintiff.

W. Rossiter Redmond, for defendant.

MARKS, J.  The plaintiff and the defendant are traders in stocks.  The plaintiff seeks to recover the sum of $296 profit on the purchase and sale by the defendant of 100 shares of Crucible Steel stock, pursuant to a verbal agreement made between the parties.

The evidence of the arrangement is not disputed. The defendant offered no evidence upon the trial, but rested at the close of the plaintiff's case.

The plaintiff testified: "In August, he (defendant) asked me how I was getting on — Was I making any money. I said, 'Yes.'. He said, 'You must be getting some pretty good tips — can't you give me something?' I said, 'I wouldn't mind giving you a tip, Mr. Josias. — If I do, it will be all right.' He said 'All right, if you give me a tip I will act on it.' He said, if I did, he would carry for me a hundred shares of stock at a point loss."

In September plaintiff telephoned defendant that he had a good tip on Crucible Steel, which was seventy-eight and three-quarters, and advised defendant not to buy unless it went to seventy-nine and three-quarters, as then it would go much higher, which advice defendant promised to follow.

Later and on the same day the defendant stated to

the plaintiff, "We are on," to which plaintiff replied; "Do not sell until I tell you, because the information I get is good both ways — to buy it and to sell it too." Defendant said, "All right, I will do it."

Subsequently, and on the same day, defendant stated to plaintiff, "They stopped me out at 83," whatever that may mean, but it was made clear upon the trial that the stock was sold at $83 per share, leaving a profit of $296 on 100 shares. The defendant had bought and sold 300 shares, and told plaintiff that he bought 100 of those shares for him.

After promising a number of times to pay the plaintiff the amount of the profit upon the sale of 100 shares, defendant finally refused to do so, the claim being now made that there was no consideration for the making of the contract, or which entitled the plaintiff to any profit — that the defendant, when he agreed to buy 100 shares for the plaintiff, agreed to perform a gratuitous service, for which there can be no recovery.

In my opinion, the defendant's claim would be right if the undertaking or arrangement made had not been carried out. That is, there was no obligation or consideration between the parties at the time the arrangement was made which obliged the defendant to make use of the tip and which would have rendered him liable for a rise in the value of the stock for the non-fulfillment or non-performance of his promise that he would act on the tip when he received it, and would carry 100 shares for the plaintiff, but, when the mutual promises made as to what each was to do in bringing about the result were fulfilled, considerations attached which relate back to the making of the promises and performance of all their conditions became obligatory. See *Willetts* v. *Sun Mutual Ins. Co.*, 45 N. Y. 45–47.

The defendant desired the plaintiff to give him a tip

or information. He promised to act upon it, and in return for receiving it promised to carry 100 shares of stock for the plaintiff to a point loss, and receiving the tip from the plaintiff he acts on it — informs plaintiff, to quote his own words, "We are on," receives further information regarding the possible advance in the price, and instructions from plaintiff when to sell and a profit is realized. Thus both parties fixed the consideration for the undertaking. They decided what services each was to render to the other. Under such circumstances a recovery cannot be defeated, because, when the arrangement to perform their respective acts or promises was made, there may not have been a sufficient consideration which would have enabled the promise made by the defendant to be enforced.

The mutuality of obligation sprang into existence when the parties kept their promises and performed what they had mutually promised to do, thus constituting a sufficient consideration, which will uphold the original promise of the defendant, which, in effect, was that in return for information that might be of value to the defendant in speculation he would pay plaintiff whatever profit there might be made on 100 shares, which he agreed to buy for plaintiff's account and carry to a point where there would be only one point loss on their sale, if they depreciated and did not increase in value.

In the leading case of *Hamer* v. *Sidway,* 124 N. Y. 538, an uncle agreed with his nephew, fifteen years of age, that if he would refrain from drinking liquor, using tobacco, swearing and playing cards or billiards for money until he should become twenty-one years of age, he would pay him $5,000. The nephew kept his promise, but payment of the amount was resisted upon the ground that the contract was without consideration to support it and, therefore, invalid.

Municipal Court of New York, November, 1916.    [Vol. 97.

In deciding that the agreement was valid and enforceable, the Court of Appeals said: " 'A valuable consideration in the sense of the law may consist either in some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.' Courts ' will not ask whether the thing which forms the consideration does in fact benefit the promisee or a third party, or is of any substantial value to any one. It is enough that something is promised, done, foreborne or suffered by the party to whom the promise is made as consideration for the promise made to him.' "

Whether the so-called tip or information had any real or substantial value or foundation — or was based upon the knowledge or the judgment of others imparted to the plaintiff, or was only a guess on his part, in my judgment, is not material. It was something promised, that the parties considered had some value, and was furnished and used or acted upon, and supplied a sufficient consideration.

In *Trustees of Columbia College* v. *Lynch,* 70 N. Y. 440, at page 445, the court said: "All that is required, when the undertaking of one of two contracting parties gives the consideration for the undertaking of the other, is that there should be mutuality; covenants or undertakings by each, that each should come under some obligation, or release some right to the other; but a perfect reciprocity in the undertakings, or equality in the obligations assumed or rights released, is not involved in or essential to the sufficiency of the considerations. Equality is not of the essence of mutuality. It suffices that some promise or covenant has been made, or some right given up; and the adequacy of the same, as a consideration to support the undertaking

of the other party, in the absence of fraud, is for the parties to determine.''

In *Willetts* v. *Sun Mutual Ins. Co.,* 45 N. Y., at page 47, the court said: '' The promise could not be enforced before performance of the condition on which it is made, for until then there is no consideration. But as soon as the act has been performed, by which a party has been injured unless the promise is kept, the promise becomes binding.''

In *Marie* v. *Garrison,* 83 N. Y. 14, at page 26, the court said: '' When a defendant has actually received the consideration of an agreement by a voluntary performance of an act by the other party, upon his proposition or suggestion, such performance constitutes a consideration which will uphold the defendant's promise.'' See also *Melville* v. *Kruse,* 174 N. Y. 306–309; *Grossman* v. *Schenker,* 206 id. 466–468.

In the case of *Lynch* v. *Murphy,* 81 Misc. Rep. 180, the defendant agreed that should the plaintiff purchase shares of stock of a certain corporation and should the enterprise be unsuccessful, or should the plaintiff fail to realize upon her investment, he would repurchase from her any stock so purchased and would repay to her the amount of her original investment with interest. The plaintiff having purchased the stock and failed to realize upon it offered it to the defendant and demanded repayment of the amount she had paid for it, which was refused, and it was held that her action upon the promise could be maintained. That while there was want of consideration in the inception of the agreement and the consideration was suspended, when the plaintiff performed there was a consideration which related back to the original agreement.

Assuming that the plaintiff herein was under no legal obligation to impart the information in question he not only did so, but he legally obligated himself to

Supreme Court, Appellate Term, December, 1916. [Vol. 97.

share any loss that might have been sustained had the enterprise proved disastrous. Having performed in full his entire share of the agreement in reliance upon defendant's promise, and the agreement having been executed by the latter, and a profit concededly realized, the plaintiff comes within the rule of the cases cited and can insist upon a complete performance of his agreement with the defendant. Judgment for the plaintiff for $296.

Judgment for plaintiff.