NATHAN RUBIN, Appellant, Respondent, *v.* DAIRYMEN'S LEAGUE COOPERATIVE ASSOCIATION, INC., Respondent, Appellant.

Third Department, March 6, 1940.

*Jacob Aks* [*Ellsworth Baker* of counsel], for the plaintiff.

*Seward A. Miller* [*Gerald G. Hogan* and *Lazarus I. Levine* of counsel], for the defendant.

SCHENCK, J.   The plaintiff, appellant-respondent (hereinafter referred to as plaintiff), appeals from that portion of the judgment herein which denied him an accounting for the period following April 9, 1935.   The defendant, respondent-appellant (hereinafter referred to as defendant), files a cross-appeal from so much of the judgment which granted the plaintiff an accounting up to April 9, 1935.

The action was brought to compel an accounting pursuant to an alleged oral contract between the parties by which the plaintiff claims to have performed services and made sales on behalf of the defendant and, in consideration for which, he alleges he is entitled to certain commissions.   While the issues of fact were submitted to a jury in the form of four questions, the action being in equity, the court was at liberty to accept or reject the findings of the jury.   In the trial court's opinion the basic findings of the jury were in general accepted and the decision was, accordingly, based thereupon.   There was also an additional finding made by the court itself to the effect that the contract was terminated on April 9, 1935.   This question of the termination of the contract is the first point to be considered because it is the basis of the plaintiff's appeal, which was the first appeal taken.

Assuming that there was a contract, as alleged by the plaintiff, and that it was carried on by the parties for a period of time, the question must be decided as to when it was terminated.   Even if all his other claims were substantiated, of course plaintiff would not be entitled to an accounting or the payment of commissions subsequent to the date of termination, which was found by the trial court to be April 9, 1935.   This finding as to date of termination of the contract was proper.   Even though we accept plaintiff's construction of the oral contract, it seems clear that he could have terminated it any time he desired.   Accordingly, the contract was unilateral as to time and was terminated by the defendant.   Following a conference between the plaintiff and representatives of the defendant on April 9, 1935, the plaintiff received a letter from the defendant instructing him in unmistakable language that the contract, if there had ever been one, was terminated as of that date.

The last paragraph of the letter of April 9, 1935, states: "We believe you gathered from the conference of April 4th and that you should have realized from previous conferences that we do not recognize any right on your part to such commissions, but if there is any doubt in your mind on this point, please accept this as our formal advice to you to such effect and govern yourself accordingly."

This disposes of the plaintiff's appeal relative to the trial court's limitation upon the period for which the accounting was granted. The limitation was clearly proper and the plaintiff's appeal should be dismissed.

The next question presented is that of the defendant's cross-appeal in which it contends that there never was any enforcible contract and, therefore, there is no basis for any accounting whatsoever. In reaching its conclusions upon this point the trial court was guided by answers found by the jury to certain questions propounded to it. The jury found in the affirmative upon the question as to the making of an agreement by the defendant with the plaintiff by which agreement the plaintiff contracted to make sales and perform services for the defendant in consideration of the payment of commissions. The jury also found that the plaintiff performed the agreement on his part. These findings were based upon the evidence submitted which was clearly ample to support them. The decision being based upon these findings, supported as they were by sufficient evidence, should, accordingly, be sustained unless there were errors committed in regard to the law as applied to the various phases of the case. It may be pointed out that the evidence was so voluminous that it would be pointless to make a review thereof in this opinion. Suffice to say, as already indicated, that at least one version of the facts supports the decision in this respect. Accordingly, it is necessary only to consider the case further from the viewpoint of any controversial points of law that are brought up for review on this appeal.

One of the questions of law raised by the defendant is based upon the alleged lack of authority in the defendant's agents to enter upon the contract. This argument can be dismissed upon the ruling laid down in *Burke* v. *Bonat* (255 N. Y. 226), in which it was held that "implied authority" is a question of fact. There was ample evidence to support the finding that there was sufficient "implied authority" to bind the principal.

Another question of law is raised in regard to alleged lack of mutuality of the contract. As already pointed out, the agreement appears to have been unilateral as to time. This did not, however, invalidate the agreement after substantial part performance by the plaintiff. The defendant could not accept benefits under the contract and then deny its legal existence. (See *Lynch* v. *Murphy*,

81 Misc. 180; affd., 165 App. Div. 903; affd., 221 N. Y. 559.) The proof here was ample to sustain performance by the plaintiff in making sales and " developing territory " for the benefit of the defendant. Accordingly, the objection at law upon this point must likewise fall.

The defendant also cites the Statute of Limitations as a defense. In view of the evidence that there was a " running account " involved herein, the last transactions in the course of which took place within six years of the commencement of the action, there is no merit to that defense. (*Green* v. *Disbrow*, 79 N. Y. 1.)

Certain sections of the Milk Control Law are likewise cited by the defendant in support of its position. There did not appear to be sufficient evidence at the trial to enable the trial court to make an affirmative finding upon this point, though there is nothing in the records or the briefs to indicate that any error was committed in this respect. There was no proof of any rates fixed by the Milk Control Board which were violated in the performance of this contract. The onus of proof upon this point, an affirmative defense, was not sustained by the defendant.

Finally, the defendant claims that the charge to the jury was erroneous in that there was no proof of payment (by defendant to plaintiff) in the record. This defense is clearly without merit as there was considerable proof of various financial transactions and credit memoranda which the jury had every right to consider as " payment " if it so desired in the light of all the evidence.

Accordingly, all of the points raised by the defendant in its cross-appeal must be held to fail. The cross-appeal, like the plaintiff's appeal, therefore, must be dismissed. The judgment of the trial court, thus, is sustained in its entirety.

In view of the fact that both appeals fail, costs should not be awarded against either party, except that the cost of printing the record and the exhibits should be borne equally between them.

BLISS and HEFFERNAN, JJ., concur; HILL, P. J. I vote to modify the judgment by adding a determination that plaintiff is entitled to present proof and have allowed loss of profits shown from April 9, 1935, to day of the trial on the authority of *Ehrenworth* v. *Stuhmer & Co.* (229 N. Y. 210). The contract in that case was to continue " as long as plaintiff and the co-partnership were to be in business." In this case the jury has found and their finding has not been set aside " that such agreement was to continue in effect so long as the defendant sold its products in such territory " and the jury further found that the plaintiff had " fully performed such agreement on his part."

Judgment affirmed.