In the Matter of the Estate of CHRISTY FAHRENBACH, Deceased. HENRY TEMES, appellant; RUSSELL A. GILLETTE and WALTER C. GILLETTE, Respondents.— Order appealed from unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

ST. JOSEPH'S MATERNITY HOSPITAL, Appellant, v. WILLIAM C. HAWTHORNE, as County Commissioner of Public Welfare of the County of Broome and State of New York, Respondent.— Appeal from an order of the Special Term of the Supreme Court, entered in the Broome county clerk's office on May 1, 1941, denying the plaintiff-appellant's motion for summary judgment. This action is brought to recover for the care and maintenance of one Sarah Jane Futcher and her baby. She had been committed to the Mt. Magdalen Training School in Troy by the City Court of Binghamton as a wayward minor under a commitment which directed that this institution render its charges for her care and keeping to the defendant. When it became necessary that she have hospital care she was taken by the training school to the plaintiff hospital. No notice of this fact and that the hospital would expect to receive its pay from the defendant, was given to the defendant at or near that time, although a bill was sent several weeks later. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

NATHAN RUBIN, Appellant, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Respondent.— Plaintiff has appealed from an order of the Albany Special Term of the Supreme Court denying his application for a new trial on the ground of newly-discovered evidence and by reason of fraud practiced by defendant on plaintiff. The action was for an accounting and the issues were tried in March, 1939. Plaintiff had a contract with defendant to sell its products in Sullivan county. The trial court found that the agreement was terminated on April 9, 1935, and that plaintiff failed to perform the contract after that date. The judgment of the trial court was affirmed in this court (259 App. Div. 23) and also in the Court of Appeals (284 N. Y. 32). Plaintiff now contends that defendant recognized the existence of the contract after April 9, 1935. In view of the fact that plaintiff did not perform the contract after that date, whether defendant recognized the agreement or not is entirely immaterial. The proof, however, fails to show that defendant did recognize the agreement. There is no proof to sustain plaintiff's claim of fraud. Order unanimously affirmed, with twenty-five dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

NATHAN RUBIN, Appellant, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Respondent.— Plaintiff has appealed from an order of the Albany Special Term of the Supreme Court denying his application to resettle an order of Mr. Justice Layden which denied plaintiff's motion for a new trial upon the ground of newly-discovered evidence. In view of our decision in Rubin v. Dairymen's League Co-operative Association, Inc. (ante, p. 749), a resettlement of the order would not benefit plaintiff. We think also that the Special Term properly denied the application because the statements which plaintiff desired incorporated in the order were not submitted to Mr. Justice Layden until after his decision denying the application for a new trial. The term of Mr. Justice Layden having expired, he properly held that he was without authority to resettle an order made by him during his term. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.