AUGUST F. MILLER, Respondent, v. CROWN ZELLERBACH CORPORATION, Appellant.— Interlocutory judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs, without prejudice to the right to bring an action at law, if so advised. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The complaint did not allege a fiduciary relationship between the parties nor that the plaintiff had no adequate remedy at law. At the close of all the evidence, the plaintiff was permitted, over

objection, to amend the complaint to include such allegations. This, we think, was error since there was no proof of facts from which it could be held that there was any relationship between the parties other than that of employer and employee or principal and agent. The plaintiff was to be paid for his services as salesman on a commission basis. There was no ground shown for relief in equity in the nature of an accounting. The plaintiff had an adequate remedy at law to recover any unpaid compensation or for any damage he might have sustained by reason of any alleged fraud. It is an established rule that an agent may not have an accounting in equity from his principal in the absence of the existence of a fiduciary relationship (21 R. C. L., Principal and Agent, § 17, p. 834). There was here no running account between the parties. The plaintiff had no property of the defendant in his possession and there was no fund or property in the hands of the defendant which belonged, in equity, to the plaintiff. The fact that the defendant kept the records is insufficient to establish a fiduciary relationship. The case of *Rubin* v. *Dairymen's League Co-op. Assn.* (259 App. Div. 23, affd. 284 N. Y. 32) on which the plaintiff relies is not in point. In that case the question of a fiduciary relationship which was alleged in the complaint was not in issue and was not passed upon. All concur, except Piper, J., who dissents and votes for affirmance, and Wheeler, J., who dissents and votes for modification and affirmance in the following memorandum: In my opinion the plaintiff has alleged and proved a cause of action in equity entitling him to interlocutory judgment for an accounting. However, the judgment ordering the defendant to account should be modified. The complaint alleges facts which state an action at law, as well as one for equitable relief (*Fur & Wool Trading Co.* v. *George I. Fox, Inc.*, 245 N. Y. 215) and it is well settled that where either legal or equitable relief may be had under the facts alleged, the Statute of Limitations applicable to the action at law will control. (*Keys* v. *Leopold*, 241 N. Y. 189; *Kobbe* v. *McNamara*, 82 N. Y. S. 2d 294.) The judgment should therefore be modified to require the defendant to account only from February 9, 1944, through the year 1945. (Appeal from an interlocutory judgment for plaintiff in an action to recover commissions under an employment contract.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.