In the Matter of the Judicial Settlement of the Accounts of Asa Bigelow Kellogg, as Executor, etc.

An appeal to this court from an affirmance by the General Term of a surrogate's decree, upon trial of an issue of fact, brings nothing here for review not presented by appeal to the General Term, and, upon appeal to the General Term, no finding or decision can be reviewed that was not excepted to. (Code of Civ. Pro. § 2545.)

Prior and up to the death of a testator, K., his executor was his general agent. As such he placed in the hands of an attorney a claim for collection. The attorney was directed by the testator to pay the proceeds to K., this he did by sending a check for the avails of collection to the office of K., payable to his order. The testator died on the same day, after the delivery of the check. Two days thereafter K. drew the money on the check and credited it in his account with the testator, which prior to the credit showed a balance due K. The testator died insolvent. *Held*, that the surrogate properly allowed the credits ; that when the check was delivered K. could treat it as funds in his hands to be applied, so far as needed, in payment of what the testator then owed him, and when the money was drawn upon the check the payment related back to the delivery of the check, and he drew it as payee, not as executor.

Where objection to a claim paid by an executor that it was barred by the statute of limitations at the time of payment was not taken upon settlement of the executor's accounts, it may not be raised on appeal.

Indorsements of payments upon a note, made by the holder at a time when it was against his interest to make them, are *prima facie* evidence of the payments.

Upon settlement of the accounts of an executor the surrogate improperly charged him with an item of $11,000 and credited him with the amount of a claim against the estate which he had paid in full. The General Term, on appeal, struck out the erroneous charge, and as this left the estate insolvent, readjusted the account by disallowing the over payment. *Held*, that the General Term had the right to so modify the decree instead of sending it back for a rehearing before the surrogate. (Code of Civ. Pro. § 2587.)

THIS was an appeal from a judgment of the General Term, modifying, and affirming as modified, a surrogate's decree on final settlement of the accounts of an executor.

The following are extracts from the opinion :

"(2.) During the lifetime of the testator for some years prior to his death, the executor was the general agent of the testator, having the general management of his business, and, as such, he placed in the hands of an attorney a claim against one Schuyler for collection. Suit was brought upon it and the attorney some time before the death of the testator collected $6,500. From that sum he deducted $500 for his services, and afterward, on the tenth day of October, while the testator was still alive, he drew his own check upon a New York bank for the sum of $6,000, payable to the order of Asa B. Kellogg, the executor, and sent it to his office in the city of New York, and it was there delivered to some person who was in charge of the office before the testator's death with directions to telegraph its delivery to the executor who was then with the testator at Greenbush. The testator died the same day, and on the twelfth day of October, the executor drew the money on the check, and credited it in his account with the testator. After such credit there was still a balance due from him to the testator with which he charged himself on the accounting. The surrogate allowed the $6,000 as a credit in the account of the executor as claimed by him. But some of the appellants claimed that sum should have been charged to the executor as if he had actually received the check after the testator's death, and that the courts below erred in not so charging it.

" We are of opinion that none of the appellants are in a position to claim any error here as to this item. Mrs. Akin, the widow, neither excepted to the finding of the referee nor appealed to the General Term. The general guardian of the infant appellants appealed, but did not except to any of the findings or decisions of the surrogate ; and the special guardian of the infants filed exceptions, but did not appeal to the General Term. An appeal to this court from an affirmance by the General Term of a surrogate's decree brings nothing here

for review where there was no appeal to the General Term, and upon an appeal from a surrogate's decree no complaint can be made of any finding or decision which has not been excepted to. (Code, sec. 2545.)

" But for a further reason we think there was no error in reference to this item. The money, when collected, was deposited by the attorney in his bank account, and hence he became a debtor to the testator for that sum. He had been directed by the testator to pay it when collected to the executor as his agent. He made such payment by his check, and when the check was delivered at the office of the executor for him to some one there in charge, it was delivered to him and operated as a payment *sub modo*. He could then treat it as funds in his hands to be applied so far as needed in payment of what the testator then owed him. When the money was drawn upon the check, the payment related back to the delivery of the check. He did not draw the money as executor, but as payee of the check and he could not, therefore, in law or equity be compelled to account for the check except by first applying it upon what the testator owed him in current account.

" (3.) At the time of the death of the testator, his widow held a note for $5,000 against him, given for borrowed money dated March 17, 1870, upon which there were indorsed the following payments: $350, March 17, 1873; $350, March 17, 1874; $350, March 17, 1875; $300, March 17, 1877, and $200, Dec. 8, 1880. It was proved that the indorsements were made by Mrs. Akin at their dates. The note had been presented to the executor as a claim before the accounting and admitted by him, and he had made payments upon it. The objection is now made by some of the appellants that the note was barred by the statute of limitations, and that the surrogate erred in ordering the executor to pay it. To this there are several answers. The only objection filed to this note before the surrogate was that it had been paid, and the statute of limitations does not appear to have been mentioned during the trial. The objection that the note was barred, should not, therefore, prevail here. The executor had admitted the claim upon the note, and in doing that he acted for and represented all the persons interested in the estate.

The admission implied that the note had not been paid, and that by payments made thereon it had been kept in life, and so, upon the admission alone, in the absence of countervailing evidence, fraud or collusion, the surrogate was authorized to find. But proof that the indorsements were made at their dates was sufficient to authorize the surrogate to find, and required him, in the absence of conflicting evidence, to find that the note had been kept in life by payments actually made. The indorsements were all made while the note was in life, and when it was against the interest of the holder to make them unless true. It matters not that the last two payments were made after the lapse of six years from the date and maturity of the note. It is the fact and that alone that it was against the interest of the holder to make such indorsements that makes them *prima facie* evidence of payments. (*Roseboom* v. *Billington*, 17 Johns. 182; *Risley* v. *Wightman*, 13 Hun, 163; *Hulbert* v. *Nichol*, 20 Hun, 454.)

" (4.) It is claimed, on behalf of the executor, that his evidence, as to the payment of $590 to the testator, was improperly excluded and that he was thus erroneously deprived of a credit for that sum. The payment was a personal transaction with the testator and hence, under section 829 of the Code, he was incompetent to prove it. We cannot be certain, from an examination of all the evidence, that the executor, by his previous examination on behalf of the contestants, had been rendered competent to testify as to the payment, and in view of the small difference the allowance of this credit would make in the final result we are constrained to hold that the surrogate did not err in reference thereto.

" (5.) The executor claims that the General Term erred in its modification of the surrogate's decree and that it should have sent the case back to the surrogate for a rehearing. By the finding of the surrogate that the executor was chargeable with his note for upwards of $11,000 the estate of the testator was shown to be solvent, and there was enough to pay all the debts in full. But when the General Term, upon the claim of the executor, struck out the note as a charge against him the estate was shown to be insolvent, and then it appeared that the executor had made an overpayment to one of the

creditors, whom he had paid in full. In readjusting the account the General Term disallowed this overpayment, and in this no error was committed. Objection to the overpayment was distinctly made before the surrogate. The General Term had power to reverse, affirm or modify the decree appealed from. (Code, § 2587 ) All the elements for the modification appeared in the findings of the surrogate and it had the power to render such a judgment as the surrogate should have entered. The only error found by the General Term was the charge against the executor of his note for upward of $11,000 and interest, and the only modification of the surrogate's decree was that made necessary by the disallowance of that charge, and that modification the General Term was competent to make."

*L. Laflin Kellogg* for *A. B Kellogg*, appellant.

*Arthur H. Smith* for *S. A. Kellogg*, respondent and appellant.

*Matthew Hule* and *Ward & Cameron* for A. A. Akin respondent and appellant.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.