Williams, J.
—The objection to the regularity of the appeal is not well taken. The respondent assumes the appellant was not a party to the proceedings before the surrogate, and based upon that assumption urges that an appeal could only be taken by him in the manner provided by section 2569, Code Civil Procedure. The assumption of fact, however, is unwarranted. He was not cited in com *808 mencing the proceeding, it is true; but section 2617 of the Code Civil Procedure provides, any person though not cited, who is named as devisee or legatee, or who is otherwise interested in sustaining or defeating the will, may appear, and support or oppose the application, and a person so appearing becomes a party to the special proceeding.
It appears by the case as settled by the surrogate, that pending the hearing before him, the appellant, a legatee under the will, appeared in the proceedings in support of the will; that he made objections to the admission of evidence, and took exceptions to the rulings of the surrogate in reference thereto; and then the decree, finally made, recites the appearance of the appellant by counsel. It would seem the appellant was, therefore, a party to the proceedings before the surrogate. He had the right, therefore, to take this appeal under section 2568 Code Civil Procedure.
It is provided the appeal may be taken upon questions of law, or upon the facts, or both (section 2576, Code Civil Procedure), and the appellate court may reverse the decree, and order a new trial (section 2587, id.), and where the reversal is upon questions of fact, must direct a new trial before a jury (section 2588, id.). The question of the competency of the testatrix was properly raised, and is here for review upon exceptions duly made by appellant to the findings in the surrogate’s decision and decree, under section 2545. Angevine v. Jackson, 103 N. Y., 470; 3 N. Y. State Rep., 643. In Matter of Kellogg (104 N. Y., 648; 5 N. Y. State Rep., 668), there seem to be no exceptions to the admission or rejection of evidence worthy of notice. So that the only question for review here is the finding of fact that the testatrix, at the time she executed the will, was not competent, mentally, to make the will. It was held in this general term in the Matter of Ellick (19 W. D., 231), “Where upon appeal from the decree of a surrogate, refusing to admit a will to probate on the ground of undue influence, the court is in doubt, upon the testimony, as to the correctness of the surrogate’s decision, the proponent is entitled to have the case reconsidered before a jury, and the court may order it to be tried by a jury at the circuit.” This rule is applicable to this appeal, and calls upon us to look into the evidence with a view of ascertaining whether there is doubt as to the correctness of the surrogate’s decision of this question of testatrix’s capacity.
We have examined the case with considerable care. There are considerations to be urged upon both sides of the questions, and requiring a very careful examination and consideration of the facts before determining whether there was capacity to execute the will, or not. There was more *809 or less evidence given by the contestants before the surrogate, which was not competent evidence, and should not have been taken or considered by the surrogate.
It does not appear to have been objected to, but the fact that it was taken was before the surrogate, and may have been considered by him and have had an influence upon his mind in determining this question of fact, cannot escape our notice. Among the items of this class of evidence was that given by the three physicians who attended the testatrix professionally. This evidence was clearly incompetent and improper, and should never have been given at all. The privilege should have been asserted by the physicians themselves. A motion was made to strike out this evidence, and a prompt ruling by the surrogate striking it out would have shown the surrogate appreciated its incompetency, and was not likely to have been influenced by it. The ruling was reserved, and the evidence kept in the case until near the close of the case, and then, instead of indicating what part of the evidence of these physicians was stricken out and what retained, the surrogate stated the motions to strike out were granted, so far as the testimony was based upon knowledge derived or acquired by the physicians while attending testatrix professionally.
This was not a proper way to put it. The whole evidence was obliged to be printed for the general term, and it is left to inference merely what part the surrogate regarded as stricken out and what part as retained and considered by him. No exception was taken to this form of ruling which can be alleged here as error, but upon the question we are considering, as to the decision of the surrogate upon the facts, this circumstance is entitled to considerable weight. Could not the surrogate point out what part of the evidence he regarded as covered by his ruling? If not, how can he say he did not consider some part of it as still before him which should have been stricken out? How can we say he was not influenced by some evidence given by these witnesses, which never should have been given, and he had no right to be influenced by.
In justice and fairness, the persons interested under this will are entitled to have a fair trial and determination of the question as to the testatrix’s capacity to make this will; and we are not satisfied such a trial and determination has been had. We ought not to go into the evidence here or to discuss it or characterize it, inasmuch as we have come to the conclusion a new trial should be had of the matter. We are of the opinion there is doubt, upon the evidence, of the correctness of the surrogate’s decision, and there should, therefore be a reversal of the decree of the surrogate and a *810 trial ordered in circuit before a jury. The order to be settled before Landon, J.
Landon and Learned, JJ., concur.