In the Matter of the Judicial Settlement of the Accounts of JEAN ALICE BRADWAY, as Executrix, and SAMUEL C. MOTT, as Executor, etc., of EUNICE A. ROBERTS.

*Appeal — in the absence of findings or refusals to find, no question can be reviewed.*

Where, upon a compulsory judicial settlement of the accounts of an executor, the surrogate modifies the report of a referee to whom the accounting was referred as to one item, which modification is found only in the final decree, and there is, on the part of the appellants, no exception to the modification or to any finding or refusal to find, either by the surrogate or the referee, and the surrogate neither makes nor is requested to make any findings or decision, an appeal from the decree brings up no question for review.

APPEAL by Jean Alice Bradway, as executrix, and Samuel C. Mott, as executor, etc., of Eunice A. Roberts, deceased, from that portion of a decree of the surrogate of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 31st day of July, 1893, which settled and allowed their accounts as executor and executrix, modifying, and confirming as modified, the report of a referee.

*Jacob F. Miller,* for the executrix and executor, appellants.

*H. B. Closson,* for the petitioner, respondent.

PER CURIAM:

A petition having been presented by one Smith to the surrogate to obtain an accounting from the executrix and executor, and the prayer of the petition having been granted and an accounting ordered, the same was referred to a referee, among other things, to examine the account of the executors and the objections of the petitioner thereto, and to hear and determine all questions arising upon the settlement of such account. Thereafter the referee made his report, and upon the motion to confirm the same it was modified as to a single item of sixty-three dollars and ten cents, which by the final decree of the surrogate was directed to be paid to the petitioner, and the account of the executors was in other respects approved and settled. The decree in addition allowed the petitioner

the sum of $128.87 for his costs, counsel fees and disbursements in the proceeding.

Requests to find were presented to the referee and passed upon by him, and to his refusal to find certain of the requests presented by the petitioner exceptions were filed. The modification of the referee's report is to be found only in the final decree, no requests having been made or passed upon by the surrogate, and no exceptions having been filed to the modification, the appellants confining themselves to a notice of appeal.

In view of the small amount involved, it was of doubtful benefit, in any event, to the estate to have the executors appeal; but whether they are right or not in the questions sought to be presented as to the surrogate's conclusion with respect to the sixty-three dollars and ten cents; we think the point well taken by the respondent that there is nothing before us for review and that his statement is correct.

The surrogate made and was requested to make no findings or decision; and there is not an exception by the appellants to any finding or refusal to find, either of surrogate or referee. Under these circumstances their appeal brings up no question for review. The point has been decided over and over again.

*Matter of Accounting of Executors of Sprague* (125 N. Y. 732), by the court, EARL, J.: " The surrogate did not make any findings, as required by section 2545 of the Code, and the record does not contain any exceptions to the findings or to the decision of the surrogate. Therefore, the General Term did not have jurisdiction on the appeal to it to review the surrogate's decision upon the facts, and neither has this court. If the appellant desired to bring to the General Term or to this court questions of fact or of law involved in the accounting, and to review the decisions of the surrogate in reference thereto, he should have procured findings of fact and of law, and should have made proper exceptions thereto. (*Hewlett* v. *Elmer*, 103 N. Y. 156, 164; *Matter of the Judicial Settlement of Kellogg*, 104 id. 648; *Angevine* v. *Jackson*, 103 id. 470)." (*Matter of Kellogg*, 104 N. Y. 648; *Matter of Marsh*, 45 Hun, 108; *In re Falls' Estate*, 10 N. Y. Supp. 41; *Matter of Prout*, 18 N. Y. Civ. Proc. Rep. 270; *Matter of Moulton*, 32 N. Y. St. Repr. 631; *Matter of Otis*, 6 id. 592; *Matter of Peck*, 39 id. 234; *Matter of Hood*, 104 N. Y. 103, 106.)

The appeal should, therefore, be dismissed, with ten dollars costs and disbursements to respondent.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Appeal dismissed, with ten dollars costs and disbursements to respondent.