## In re GLADKE.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. LIMITATIONS—OPEN ACCOUNTS.

An account on which appear but three credits in five years is not a "mutual, open and current account," within Code Civ. Proc. § 386, starting the running of limitations at the time of the last item in such accounts.

2. SAME—CREDITS.

Such credits have no force, except when accompanied by proof that they had actually been made.

3. SAME—EVIDENCE.

To prove payments on an account by a deceased, otherwise barred, it was testified that deceased and the creditor were seen examining a small book together, on which were some credits, and deceased was heard to agree that, after a payment then made, a certain balance remained due. *Held* not to show that the payment then made was on the account in suit, but only that deceased owed the creditor the amount acknowledged.

4. ADMINISTRATORS—COSTS.

An administratrix, appealing from the settlement of a preceding administrator, was allowed costs, though she claimed more than she was able to establish; the account under which the former administrator justified his payment of a claim being apparently barred, and she having no knowledge of any lawful claim.

Appeal from surrogate's court, Chemung county.

On the settlement of the accounts of Morris J. Gladke as administrator of the estate of George Asher, deceased. Appeal from a

decree of the surrogate settling the accounts of the administrator. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Baldwin & Baldwin, for appellants.
Taylor, Heller & O'Connor, for respondent.

PARKER, P. J. In the account against the deceased which was presented to Gladke, as administrator, by Newman, and the payment of which is challenged upon this accounting, all of the items therein charged accrued prior to October 5, 1885. Each of such charges was outlawed upon its face, but for the fact that three items of cash payments, of $25 each, were entered upon the credit side of such account,—the first, of May 28, 1891; the second, of October 6, 1893; and the third, of July 8, 1896. No other credits appear upon the account presented, and such an account is not such a mutual, open, and current account, as is referred to in section 386 of the Code of Civil Procedure. Such credits of cash appearing on the account had no force, except they were accompanied by proof that they had actually been made. That account was paid by Gladke without any legitimate proof of such payment, and before the time for all creditors to present their claims had expired. Its amount was very nearly as large as the whole estate in his hands, and, taking all the evidence together, it is impossible to resist the conclusion that he was appointed in the interest of Newman, and made haste to enable him to secure his alleged debt from the assets of the deceased.

Upon the hearing, however, it has been made to appear by the evidence of two witnesses (Bernstein and Harrington) that on or about July 8, 1899, they saw the deceased and Newman examining a small book together, upon which were some credits, and heard the deceased agree that, after a payment of $25 then made, there was due to Newman from him a balance of $258. This evidence is of a decidedly suspicious character, but it is not contradicted, and we are probably not at liberty to summarily disregard it. It may be that it is both honest and accurate, and, assuming it to be so, it establishes the fact that upon that date the deceased was indebted to Newman in the sum of $258. It does not prove the account presented by Newman, nor any one of the items therein contained. Nor does it amount to proof that the payment of $25 then made was a payment upon that account. It does not appear that the book then present contained an account against the deceased. It was a little book, not too large to carry in the vest pocket, and upon which some credits were entered. The most that is established by such evidence is that, upon some demand or other, the deceased then owed Newman $258. That fact being established, it would have been correct to allow to the administrator, Gladke, upon the amount paid to Newman, the sum of $258, and interest thereon from July 8, 1896, to the time of such payment, viz. May 1, 1897. Beyond that amount, whatever he paid to Newman was

an overpayment, not warranted by any proof he had before him. By the decree on final settlement, and by the findings of the surrogate, he was allowed as a credit a payment to Newman of $494.08. Such amount should be reduced to the sum of $270.70. I understand that the objections to other items of the account were, upon the hearing, withdrawn, and no other item is contested upon this appeal. The decree should therefore be modified to conform to the figures above stated, and as so modified affirmed.

The appellant, who is now acting as administratrix of the estate, having succeeded Gladke thereto, was obliged to take this appeal in order to secure to the estate property that justly belonged to it. It is true that she claimed from Gladke more than she has been able to establish upon the hearing before the surrogate; but, upon the face of the account under which Gladke justified his payment to Newman, the claim was such a one as required proof of the cash credits to make it a valid one. She then had no knowledge of any lawful claim due to Newman, and was, we think, warranted in resisting a credit to Gladke of that amount. She has been forced into this position by the unwarranted payment by .Gladke of an apparently outlawed claim, and we therefore think that she should be allowed the costs of this appeal against Gladke personally.

The decree of the surrogate should be modified by crediting Gladke with a payment to Newman of $270.70 instead of $494.08, thereby leaving a balance in his hands of $309.74 instead of $86.36; and after deducting the sum of $39.26 therein allowed him as commissions, and the further sum of $47.10 allowed him as counsel fees, that such decree direct that the remaining sum of $223.38 be paid over to this appellant, as administratrix, and as so modified affirmed, with costs of this appeal to the appellant against Gladke personally. All concur.