## SHERMAN v. MATTHIEU.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. MORTGAGES—PAYMENT OF DEBT—RECEIPT—PRIMA FACIE EVIDENCE.

A receipt of payment and release of obligation to the mortgagor, written in a deceased mortgagee's handwriting on the back of a mortgage bond found among decedent's papers, and signed by her, was prima facie evidence of payment.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 855–863, 875.]

2. SAME—UNDELIVERED FORMAL SATISFACTION—EFFECT.

The fact that before her death the mortgagee had drawn and signed a formal satisfaction of the mortgage, and had had explained to her the necessity of having it recorded in order to take the mortgage from record, was not inconsistent, though the same was not recorded, with her having actually satisfied the obligation, as the indorsement on the bond, bearing the same date as the formal satisfaction, may have been considered sufficient, and used to save the recording fee.

3. SAME—CONSIDERATION—INADEQUACY OF—FAILURE OF.

Mere inadequacy of consideration, in the absence of fraud or deceit, is not failure of consideration.

4. SAME—PAYMENT IN SERVICES.

Valuable services rendered by a mortgagor to a mortgagee constitute a consideration for satisfaction of the mortgage.

5. CROSS-APPEALS—COSTS WHERE BOTH SIDES SUCCEED IN PART.
 Where, on cross-appeals, both parties succeed in part, no costs of the appeal should be allowed to either.
 [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 868–870.]
 Parker, P. J., and Smith, J., dissenting.

Appeal from Judgment on Report of Referee.
Action by John C. Sherman, as administrator, etc., against Eva A. Matthieu. From the judgment, both parties appeal. Reversed.
Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Van Ness & Curry, for plaintiff.
Ostrander & Salisbury, for defendant.

HOUGHTON, J. The action was brought to foreclose a mortgage given by the defendant, under the name of Eva A. Mabee, to the plaintiff's intestate on the 31st day of March, 1897, to secure the payment of $750. The defendant pleaded payment, and a counterclaim for work, labor, and services·amounting to $900. The referee found that the mortgage was not paid, and that the defendant was entitled to a portion of her counterclaim.

The mortgage was accompanied by a bond, and both bond and mortgage were found amongst the papers of the deceased, together with a signed and witnessed, but unacknowledged, satisfaction of the mortgage. Upon the back of the bond, in the handwriting of the plaintiff's intestate, appeared the following:

"I hereby certify that I have received full satisfaction for the within bond, and hereby release the said Eva A. Mabee from any and all obligations because of the same. Lucy B. Potter.
 "December 28th, 1899."

The defendant introduced in evidence this written and signed admission of the mortgagee as evidence of payment, and supplemented it by showing extremely friendly relations between the mortgagee, an old lady, whose son at the time of his decease was engaged to marry the mortgagor, and the performance of valuable services by the defendant for the plaintiff's intestate, and various declarations by the plaintiff's intestate as to her intention to pay for them. No explanation was proved of the circumstances of making the indorsement, or that it was intended for any purpose except a declaration that the obligation was paid. The referee found that the services were valuable and had been agreed to be paid for, and allowed the defendant an offset of $300 on their account.

In the absence of any facts impeaching the force of the admission, we think it was error for the referee to hold that the bond and mortgage were not paid. The signed statement was against the interest of the holder of the mortgage, and was as strong an admission as she could make that full satisfaction of the obligation had been made, and was prima facie evidence of payment. In the Matter of Kellogg, 104 N. Y. 648, 651, 10 N. E. 152; Risley v. Wightman, 13 Hun, 163; Roseboom v. Billington, 17 Johns. 182.

The services rendered by the defendant to the plaintiff's intestate, being valuable, constituted a consideration for the satisfaction of the mortgage. Full payment was not necessary to make a valid consideration. Mere inadequacy of consideration, in the absence of fraud or deceit, is not failure of consideration. Earl v. Peck, 64 N. Y. 596; Cowee v. Cornell, 75 N. Y. 91, 31 Am. Rep. 428. If the consideration was good as between the parties, it was good as to all the world. The plaintiff's intestate could place a high value on slight services, and satisfy the mortgage in consideration of their being rendered to her, if she saw fit, and she and her representatives would be bound by her executed agreement. The written admission signed by her established prima facie that she had made such an agreement and carried it out. Until it was shown that the indorsement was made and signed for some other purpose, it was binding upon her and her estate.

It is claimed that the fact that there was also an indorsement upon the bond that interest had been paid to April 1, 1900, at a time subsequent to the date of the satisfaction, and that a formal satisfaction had been executed, but not delivered, showed that there was no intention on the part of the mortgagee to satisfy the mortgage, but, rather, that it was her unexecuted intention to give the obligation to the mortgagor. The evidence falls short of establishing this. It does not appear when the indorsement of interest was made. It may have been indorsed prior to the date of the satisfaction. The fact that the plaintiff's intestate procured a formal satisfaction to be drawn, and had explained to her the necessity of having it recorded, in order to take the mortgage from record, is not inconsistent with her having actually satisfied the obligation. The object of the formal satisfaction may have been simply to complete the record. The indorsement on the bond and the formal satisfaction bear the same date. The indorsement on the bond may have been thought to be sufficient, and have been used for the purpose of saving the recording fee which would have to be paid on the formal discharge.

The plaintiff did not show sufficient facts to overcome the force of the written admission of his intestate, and the judgment must be reversed.

The defendant concedes that she should not recover upon her counterclaim if the mortgage is held to be paid and satisfied. That part of the judgment allowing the defendant a recovery upon her counterclaim should also be reversed.

Both parties having succeeded in part, no costs of this appeal should be allowed to either.

The entire judgment should be reversed, the referee discharged, and a new trial granted, without costs of this appeal to either party. All concur, except PARKER, P. J., and SMITH, J., dissenting.