SANDEL v. SOMMERS.

(Supreme Court, Appellate Division, Fourth Department.  March 3, 1909.)

1. LIMITATION OF ACTIONS (§ 159*)—PAYMENT ON ACCOUNT.
    A sale of goods, and allowing the price to be applied on the amount found due the buyer on a prior settlement, stops the running of limitations against such amount, even if the dealings are not such as constitute a continuation of the open mutual account between the parties.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 637; Dec. Dig. § 159.*]

2. TRIAL (§ 177*)—TRIAL BY COURT—QUESTIONS OF FACT.
    Where both parties move for the direction of a verdict, the court should determine any questions of fact.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

3. NEW TRIAL (§ 68*)—VERDICT CONTRARY TO EVIDENCE.
    A verdict directed by the court should be set aside under Code Civ. Proc. § 999, where it is contrary to the evidence.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 135; Dec. Dig. § 68.*]

Appeal from Erie County Court.
Action by George Sandel against John P. Sommers.  From a judgment for defendant and from an order denying a new trial, plaintiff appeals.  Reversed.
Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Chas. F. Tabor, for appellant.
Mark P. Kerr, for respondent.

KRUSE, J.  Each of the parties to this action set up affirmative claims against the other, but the only one which requires attention is the plaintiff's claim for a balance upon a mutual account between the parties, running from September 1, 1892, to October 29, 1903, since it seems to be conceded, or at least is not disputed, that the other claims are barred by the statute of limitations.  The plaintiff's testimony and the corroborating circumstances make it reasonably clear that on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5th day of August, 1899, the parties went over the account, and that there was then a balance found due the plaintiff of $352.40. That was after all of the other claims of each of the parties had accrued. It is therefore not unreasonable to assume that at that time there was owing that sum net from the defendant to the plaintiff.

It is now contended on behalf of the defendant that, more than six years having expired since that time before the action was commenced, the claim for the $352.40 is barred by the statute of limitations. That would be so were it not for other transactions between the parties, occurring subsequently. After August 5, 1899, other dealings were had between the parties. The account was continued by the plaintiff on his books as theretofore. It is true that, even according to the plaintiff's testimony, there are but four items of account between the parties since 1899 upon the books of the plaintiff, two of which are debits and two credits. The first item is $1.50 for two electric batteries, which, as the plaintiff testifies, were sold and delivered by the defendant to him June 18, 1901, and for which the defendant asked the plaintiff to give him credit upon his account. The other item of credit is cash, $1.25, December 29, 1902. The two debit items are for cigars, one, December 25, 1902, 50 cigars, $1.25; another, October 29, 1903, 100 cigars, $2.50.

While these items are somewhat in dispute, we are of the opinion that the weight of the evidence shows that the plaintiff is right in his contention respecting the same, and, if so, he was entitled to recover the balance due him upon the entire account. Green v. Disbrow, 79 N. Y. 1, 35 Am. Rep. 496. Even assuming that the dealings between the parties subsequent to August 5, 1899, when the balance of $352.40 was found due the plaintiff, are not to be regarded as a continuation of the mutual, open, and current account between the parties, it does not follow that the balance of $352.40, or the items from which that amount was found due, are barred by the statute of limitations, if, as the plaintiff testified, the two electric batteries sold by the defendant to him were to be applied thereon, since that would bring the payment within the six years; the action having been commenced in 1906 and the batteries sold in 1901. Pursell v. Fry, 19 Hun, 595–598; Van Name v. Barber, 115 App. Div. 593, 100 N. Y. Supp. 987.

At the close of the evidence both parties moved for the direction of a verdict; the plaintiff for a verdict in his favor of $352.40, with interest from the 29th day of October, 1903. The defendant likewise moved that a verdict be directed for the plaintiff, but only for the sum of $2.50, being the amount of the two items for cigars, less $1.25 cash paid. The court directed a verdict for the plaintiff for the sum of $3.19, which seems to have been the amount named by the defendant, with interest. Both parties having moved for the direction of a verdict, the trial judge was empowered, and it was his duty, to determine the questions of fact, if any. While we do not hold that questions of fact were not presented by the evidence, we think the great weight of the evidence sustains the plaintiff, and, if so, as has been stated, his claim is not barred by the statute of limitations, and he is entitled to recover the general balance due upon the entire account. A verdict,

although directed, should be set aside where it is contrary to evidence. Code Civ. Proc. § 999.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

