THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH FRANK SPADAFORA, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him of the crime of impairing the morals of a minor. Judgment reversed on the law and the facts and a new trial ordered. The proof was insufficient to establish, as required by the allegations of the amended bill of particulars and the charge of the court, that the crime was committed on any of the dates specified. Moreover, the court committed prejudicial error in submitting to the jury the question of whether the acts complained of occurred on certain dates in September, 1948, as well as in June, 1948, after ruling earlier that the People would be limited to the June dates. The interests of justice require a new trial. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.

VERONICA SWIONTEK, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained as the result of a fall from a swing in a playground maintained by defendant, plaintiff appeals from a judgment dismissing the complaint at the end of the entire case. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.

DENIS TELSEY, as Administrator of the Estate of JOSEPH TELSEY, Deceased, on Behalf of Said Estate, and All Other Stockholders of JABIL REALTY Co., INC., Similarly Situated, Appellant, v. JABIL REALTY Co., INC., et al., Respondents.— In an action by the administrator of a deceased minority stockholder of the corporate defendant to require the individual defendants to account for, and restore to the corporation, money alleged to have been diverted and misappropriated, plaintiff appeals from a judgment dismissing the complaint on the merits, after trial before an Official Referee. Judgment unanimously affirmed, with costs. Plaintiff complained that the individual defendants, as officers and directors of the defendant corporation, had paid to themselves, out of corporate assets, debts due to them, which were outlawed by the Statute of Limitations. The record discloses that the debts were honestly due and that although no payment had been made on the indebtedness due the defendant Jacob Telsey, from 1940 until 1949, a payment was made in the latter year on account of this indebtedness, by means of a credit to Jacob Telsey, of the amount of a debt owed by him to the corporation. In our opinion this payment was sufficient to take the corporate indebtedness out of the operation of the statute. (Cf. *Green* v. *Disbrow*, 79 N. Y. 1; *Sandel* v. *Sommers*, 131 App. Div. 537, and *Lawrence* v. *Harrington*, 122 N. Y. 408.) Under the circumstances disclosed, the individual defendants may not be held to account for moneys received on account of valid claims against the corporation, nor may plaintiff, as the representative of a minority stockholder be heard to complain that the corporation has been damaged by the payment of its just debts. (Cf. *Kelly Asphalt Block Co.* v. *Brooklyn Alcatraz Asphalt Co.*, 190 App. Div. 750, 191 App. Div. 922, mod. 232 N. Y. 304, and *House* v. *Carr*, 185 N. Y. 453, 458.) Present — Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ.