S. Samuel Di Falco, S.
The administration of this estate commenced with the death of the testator on June 13, 1932. Since that time it has been the subject of almost continuous litigation that has seen the matter tried in this court, heard by a referee and argued on appeal on a number of occasions before the Appellate Division and the Court of Appeals. The present proceeding for the settlement of the final account of the executors, which was initiated on the application of the objectants for a compulsory accounting, provides the background for the latest in this protracted series of controversies.
Four objections have been addressed to the account.
The first seeks to impose a surcharge of $3,102.04, representing the amount paid by the executors on May 17,1955, as interest from 1940 to 1955, on additional interest of $3,607.02 awarded by the Court of Appeals on a personal claim which had been allowed by the order of this court in an accounting proceeding under date of December 31, 1940. It should be noted that the payment made in 1955 to one of the executors in his capacity as a claimant was approved in the decision and by the decree of Mr. Surrogate Fbankenthaleb who reserved for trial in this proceeding, however, the question as to whether or not the accountants were entitled to credit in their fiduciary capacity for the interest so paid. He held as follows: 11 The court holds that the executor-claimant is entitled to legal interest at 6 per cent, on the additional award as of December 31, 1940. This determination is compelled by section 480, Civil Practice Act, and the prior decisions of the Appellate Division and the Court of Appeals in this accounting. This decision, however, is made without prejudice to any objection in the final accounting to the claimed failure of the executors to take the necessary legal *642 steps to stop the running of interest on the claim. Submit order on notice.” (N. Y, L. J., March 9, 1955, p. 8, col. 6.)
The issue which the objection frames had its origin in the following sequence of events:
In 1935, in a proceeding for the settlement of the intermediate account referred to above, a personal claim of the accountant, Friend L. Tuttle, based upon an alleged contract with the deceased calling for a division of earnings was tried before a referee and disallowed on a holding that Mr. Tuttle had failed to establish the existence of the contract upon which he relied. The decision of the referee was confirmed by this court, but modified by the Appellate Division in an order, dated November 4, 1938, which remitted the matter to the referee for retrial on the theory of quantum meruit (255 App, Div. 272). Thereafter, the claim was again heard and the report allowing it in the amount of $18,500 was filed on January 15, 1940. The Surrogate, confirming the report, allowed interest on this amount at the rate earned by the estate. An order to that effect was entered on December 31, 1940. An appeal from this order was taken by the claimant to the Appellate Division in 1942, and on appeal the rate of interest was increased to 6% and the claimant awarded an additional $3,607.02, but the order of the Surrogate was in all other respects affirmed (267 App. Div. 763). The executors thereupon appealed to the Court of Appeals which affirmed the order of the Appellate Division on June 14, 1945 (294 N. Y. 866). It should be noted that payment of the additional award was not made to the claimant by the executors until May 17, 1955, at which time they also paid him the sum of $3,102.04 (the payment to which the objection is addressed) representing interest at 6% on $3,607.02 from December 31,1940 to May 5,1955.
For the nine years following the disposition of the appeal, neither side undertook to enter in this court the orders on remittiturs from the Court of Appeals or the Appellate Division. Concededly, the first of these, mailed from Albany to the attorneys for the objectants in 1945, was not filed until December 23, 1954. The executor-claimant seizes upon this circumstance as a pretext for his unjustifiable delay in applying to this court-for advice and directions concerning the allowance of interest on the additional $3,607.02, which had been awarded as of December 31, 1940 under the order of the Court of Appeals affirming the decision of the Appellate Division.
It is the duty of fiduciaries to bring the administration of estates to a close as promptly as possible. The circumstances described disclose a complete failure in this instance upon the *643 part of the executors to comply with this rule. Had they but brought on an application to compel the production of the order of the Court of Appeals, which almost assuredly would have been granted on consent, they would have been in a position to bring the running of interest to an immediate end. Instead they chose to allow the claim to remain unpaid and in the process Mr. Tuttle benefitted handsomely at the expense of the estate.
The second of the arguments advanced by the accountants as condoning their inaction carries no greater weight. They charge the attorneys for the objectants with failure to substitute the representatives of the estates of deceased objectants in place of the original parties, but it lay with themselves to bring about that result and they could have accomplished it on application to this court at any time during the period commencing with the entry of the order in the Court of Appeals. By neglecting to do so they breached their fiduciary obligation and so exposed themselves to surcharge. The first objection is sustained.
The fourth objection filed by the residuary legatees, if sustained, would deny commissions to the executors, a course which the court is urged to adopt because of the delays in the administration of the estate that have already been described. It is the contention of the fiduciaries that completion of their task was rendered impossible because of the objectants ’ refusal to accept delivery in kind of the mortgages which made up a substantial part of the estate left by the testator. This assertion finds support in-the report of the referee on the basis of the testimony of the witnesses who appeared before him. The fact that no objection is made to the manner in which these assets were administered or to losses sustained as a result of the claimed delay in their liquidation is inconsistent with the theory that the same 'facts constitute a basis for the denial of commissions. The situation is wholly different from the executors’ failure to eliminate the continuance of interest on the personal claim which lay clearly within their power to effect. In this instance the residuary legatees have failed to sustain the burden which their objection cast upon them and it is accordingly overruled.
Objection third is addressed to a personal claim in the amount of $5,248.42, asserted by Friend L. Tuttle who for many years prior to the death of the testator had been associated with him in the practice of law and had engaged with him in other enterprises. In the proceeding for the settlement of the first account of the executors Mr. Tuttle alleged that he was entitled to 75% *644 of the net fees earned by the deceased under the terms of an agreement which he claimed had originally been established in 1919 and had been twice amended. As has been already noted the referee reported after the first hearings before him thai the claimant had failed to prove the existence of such a contract, a result which Mr. Tuttle attributes to the handicap to which he says he was subjected because of the bar of section 347 of the Civil Practice Act. Be that as it may, Mr. Tuttle was able to establish by office records and through the testimony of the deceased’s bookkeeper that he had paid Mr. Fuller, the deceased, $873.42, which represented 75% of the net office loss sustained by the latter in the year 1931, as well as the further sum of $4,375 that he claims was 25% of the fee he had himself received as attorney for the administrator of the estate of Jennie E. Van Orden.
Asserting that these payments had been made in pursuance of his agreement with the deceased, Mr. Tuttle now takes the position that since he has been denied the benefits which he claims the contract conferred upon him and relegated to relief in quantum meruit, he should at least be made whole for the moneys he himself expended in accordance with what he understood to be the terms of the agreement. In this contention he is unquestionably correct unless, as the objectants argue, his claim is stale and barred by laches and the Statute of Limitations.
It is to be borne in mind that the opportunity to assert the claim in its present form did not arise until the proceeding for the settlement of the first account of the executors was finally concluded by the entry in this court of the order on remittitur from the Court of Appeals on December 23,1954. Within seven months of that date the executors filed their account albeit in compliance with the terms of an order directing them to do so. The claim was properly pleaded and as a result compliance with the provisions of section 209 of the Surrogate’s Court Act, has been satisfactorily established, that section providing: “ From the death of the decedent until the first judicial settlement of the account of the executor or administrator, the running of the statute of limitations against a debt due from the decedent to the accounting party, or any other cause of action in favor of the latter against the decedent, is suspended, * * * until the first judicial settlement of his account. After the first judicial settlement of the account of an executor or administrator, the statute of limitations begins again to run against a debt due to him from the decedent, or any other cause of action in his favor against the decedent.”
*645 It is clear from the foregoing that the six-year Statute of Limitations upon which the objectants rely (Civ. Prac. Act, § 48) is no bar to the prosecution of the claim and it follows as a corollary that the defense of laches has not been sustained. The claim is accordingly allowed and the objection overruled. However, should the claimant elect to add interest to the amount allowed, as he is unquestionably entitled to do (see opinion of Frankenthaler, S., Matter of Fuller, N. Y. L. J., March 9, 1955, p. 8, col. 6, supra) he should be advised that he will be surcharged in his fiduciary capacity in a like amount for the reasons set forth at length in the disposition of the first objection.
Application is made by Mr. Tuttle for a payment of $5,000 for legal services rendered to the fiduciaries for the period commencing with the terminal date of the prior account. The estate at the commencement of this accounting had a capital value of $86,311.08 and during the period covered by the account income was collected in the amount of $106,430.76. His affidavit of services reflects the handling of a vast number of matters over a period of many years. Mr. Tuttle has already been awarded the sum of $12,000 under the prior decree on accounting. Nevertheless the services he was required to perform since that date justify an allowance in the amount requested and the objection thereto is accordingly overruled.
Submit decree on notice settling the account in accordance with the foregoing.