S. Samuel Di Falco, S.
Upon the proof adduced on the hearing the court holds that the decedent was survived by Giuseppe Pedone and Lucia Bevilacqua as his only distributees. Their objections are accordingly sustained.
The claim of Sophie Wattenberg, as executrix of the estate of Joseph Wattenberg, is allowed in full. The books of account received in evidence in accordance with the provisions of section 374-a of the Civil Practice Act, clearly established the validity of the claim as one for goods sold and delivered. (Mantha Co. v. De Graff, 266 N. Y. 581; Matter of Fuller, 12 Misc 2d 640.) The objection to the claim based upon the Statute of Limitations is without merit. While certain of the transactions antedated the six-year period, the fact is that the proof established the existence of a running account between the decedent and the *824 objectant’s testator. Under these circumstances the Statute of Limitations is not available as a defense to the claim. The rule was set forth by the Appellate Division, Second Department, in Van Name v. Barber (115 App. Div. 593, 596-597) where the court said: “ A payment having been made upon this running account within six years prior to the commencement of this action, the presumption follows, in the absence of evidence to the contrary, that it was made to apply upon the balance unpaid (Smith v. Velie, 60 N. Y. 106), which was a sufficient recognition of the validity and existence of the debt, and a promise to pay the remainder is inferable and justified by the evidence.” To like effect, see Rubin v. Dairymen’s League Co-op. Assn. (259 App. Div. 23, 26) where the court said: “The defendant also cites the Statute of Limitations as a defense. In view of the evidence that there was a ‘ running account ’ involved herein, the last transactions in the course of which took place within six years of the commencement of the action, there is no merit to that defense. (Green v. Disbrow, 79 N. Y. 1.) ”
Submit decree on notice settling the account.