OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant, New York Telephone Company (New York Tel.), seeks recovery for telephone services furnished to the State University of New York at Stony Brook (Stony Brook), owned and operated by the defendant, State of New York.
For an unspecified number of years, individuals associated with Stony Brook were able to place phone calls from outside the campus grounds and charge them to the university’s number. These were referred to as "third-party calls”. Late in 1977, Stony Brook began deducting charges for those calls from its phone bills, asserting that it was not responsible for payment and it informed claimant in writing of its position. *576 This practice continued and in 1979 an internal memorandum of Stony Brook formalized the school’s policy of not permitting third-party calls.
Nevertheless, such calls continued to be made. When billed by the claimant, Stony Brook continued to deduct amounts attributable to third-party calls. Thus, a corresponding amount that New York Tel. stated was payable to it continued to grow.
Sigrid M. McNair has been claimant’s business manager for Suffolk County, where Stony Brook is located, for six years. She testified that since 1977 claimant has kept a running log of the amounts Stony Brook has deducted when paying its bills. The total that New York Tel. demands is $15,606.45. This reflects charges for third-party calls that Stony Brook has refused to pay, originating in 1977 and continuing into early 1983. The amount, however, is not a total of all third-party calls that were billed during the period in question. The sum of such calls was approximately $43,000, according to Ms. McNair. The difference between the two figures was, therefore, paid by Stony Brook, it is alleged.
Starting in 1977, New York Tel. could "block” calls within the 516 area code, which includes Stony Brook. This meant that no third-party calls could be made in that district. In February 1983, a blocking procedure was instituted for all calls outside of the 516 area code. No third-party calls made after that month were billed to Stony Brook. Thus, any charges that serve as the basis for this claim accrued in, or prior to, the month of February 1983.
Based on Ms. McNair’s testimony, we conclude that even though New York Tel. had notice that Stony Brook did not intend to pay for third-party calls, prior to the full implementation of "blocking”, these calls could still be made by any individual outside of the 516 area code who requested the service. The university was billed accordingly.
Donald J. Marx, director of communications at Stony Brook, testified for the defendant. He has been employed at the university since 1968. He agreed with Ms. McNair that the total amount of third-party calls during the period in issue was approximately $43,000. However, he could not explain why New York Tel. is seeking only about $15,000 in damages. According to Mr. Marx, the difference between these two amounts was never paid. Rather, all third-party calls were consistently deducted each month from the total amount *577 claimant billed Stony Brook. Claimant was "repeatedly” informed of this policy. The exhibits substantiate this assertion and reflect the fact that such notice was given, beginning in December 1977.
At trial and in its posttrial memorandum of law, defendant has moved to dismiss the claim on the ground that it was not timely filed. Usually such an objection is made in the context of a pretrial motion to dismiss. However, since the filing requirements of the Court of Claims Act are jurisdictional, failure to comply with them deprives this court of the power to adjudicate a claim. (Lurie v State of New York, 73 AD2d 1006, 1007, affd 52 NY2d 849; Matter of Welch v State of New York, 71 AD2d 494, 497-499, lv denied 50 NY2d 802; Bommarito v State of New York, 35 AD2d 458.) In light of this, the issue may be raised at any stage of a proceeding and, if jurisdiction is absent, this court may, indeed must, dismiss an action on its own motion. (Kurtz v State of New York, 40 AD2d 917, affd 33 NY2d 828.)
The cause of action is based on an express or implied contract. The claim was, therefore, required to be filed within six months of accrual, unless a notice of intention was filed within that period. In that case, the claim could have been filed within two years of accrual. (Court of Claims Act § 10 [4].) The notice of intention in this action was filed on January 3, 1984 and the claim on April 30, 1984.
It has been consistently held that a claim accrues when damages accrue. (Heritage Corp. v New York State Thruway Auth., 44 AD2d 869; Bronxville Palmer v State of New York, 36 AD2d 647; Waterman v State of New York, 19 AD2d 264, affd sub nom. Williams v State of New York, 14 NY2d 793.) Damages accrue when they are ascertainable. (Terry Contr. v State of New York, 27 AD2d 499.) "Stated in another way, the amount payable pursuant to a contract with the State becomes an item of damage and a claim accrues therefor, when the amount is calculable and there is no contractual or statutory provision for a later payment date * * * (cf. City of New York v State of New York, 40 NY2d 659).” (Glassman v Letchworth Vil. Developmental Center, 104 Misc 2d 755, 758.)
Damages in this case became ascertainable each time Stony Brook withheld payment for third-party calls. Bills were issued by New York Tel. on a monthly basis. Although there was no testimony on the point, it is reasonable to assume that payment was due upon receipt (see, 36 NY Jur, Limitations *578 and Laches, § 74), and that each bill was rendered and delivered immediately after the month to which it pertained. Claimant, in order to comply with the filing requirements of this court, would have had to have filed a notice of intention or claim within six months of each month that Stony Brook’s bill was partially unpaid. (See, Morawski v Board of Educ., 85 AD2d 850, lv denied 57 NY2d 602.) No such document was filed until January of 1984, well beyond the last month (Feb. 1983) that third-party calls were at issue. This claim is, therefore, untimely and this court does not have jurisdiction to proceed.
New York Tel. argues, however, that Stony Brook maintained a "running account” with it and that by doing so the accrual of the claim was extended, making the filing timely. It was not until the "final bill” was prepared in October 1983 that the claim accrued, it is urged.
In support of its contention, New York Tel. has cited several cases dealing with the Statute of Limitations where partial payment of an amount owed before the expiration of the Statute of Limitations commenced the running of the period anew with respect to the entire debt. (Rubin v Dairymen’s League Coop. Assn., 259 App Div 23, affd 284 NY 32; Van Name v Barber, 115 App Div 593.) In these cases, a running account was maintained by the creditor to which charges were periodically made for goods or services delivered to the debtor.
In order to toll a limitation statute, or to start it running anew, it must be shown that payment of a portion of an admitted debt was made under circumstances amounting to a clearly demonstrated intention to pay the balance. (Bernstein v Kaplan, 67 AD2d 897; see, Randustrial Corp. v Acme Distrib. Center, 79 AD2d 862; cf. General Obligations Law § 17-101.) The facts of this case do not come within the ambit of this rule. Rather than displaying an intent to pay all the charges billed to it, Stony Brook expressly, and in writing, informed claimant that it was contesting those charges which are the subject of this claim. New York Tel. was apprised each month of the amount of alleged damage that accrued to it. It was then that a claim for each prior unpaid monthly balance arose, not upon the preparation of a so-called "final bill.” (See, Matter of Philippe, 31 Misc 2d 193, 197-198, affd 19 AD2d 587, affd 14 NY2d 600.) Any conclusion to the contrary would not conform to the law of this State. (See, Davis v State of New York, 84 Misc 2d 597, 600, revd on other grounds 54 AD2d 126.) Moreover, if a claim’s accrual was dependent upon the *579 rendering of a "final bill”, this court’s jurisdiction over a cause of action could be indefinitely and unilaterally expanded.
We are not persuaded by claimant’s argument that it first allocated Stony Brook’s monthly payments to the oldest charges on its account, including those for third-party calls. In this manner, it is urged, a balance due for amounts the university had failed to pay was "rolled over” every month and the claim periodically "reaccrued”.
A debtor, in the first instance, has the right to direct the application of a payment to a specific debt. (Shahmoon Indus. v Peerless Ins. Co., 16 AD2d 716, 717; Matter of Philippe, 31 Misc 2d 193, 204-205, affd 19 AD2d 587, affd 14 NY2d 600, supra; see, General Stencils v Chiappa, 18 NY2d 125, 129.) Here, Stony Brook consistently applied its payments to charges other than those for third-party calls. Claimant has not established by a preponderance of the credible evidence that any such charges were paid and we accept Mr. Marx’s testimony that they were not. In view of the university’s clear expression of intent not to allocate any payments to the disputed amounts, we cannot alter our conclusion that damages in this case accrued on a monthly basis.
More than six months had elapsed between the last month that damages accrued and the time the notice of intention was filed. We are, therefore, without jurisdiction to consider whether claimant is entitled to recover any portion of the amount sought in this claim. New York Tel. may, of course, move for permission to file a late claim under Court of Claims Act § 10 (6). This court, however, will not, on its own motion, make such an application for a claimant. In light of our determination, we cannot reach the merits of the underlying cause of action. (See, Ashland Equities Co. v Clerk of N. Y. County, 110 AD2d 60, 65.)
The claim is dismissed.